(61 Misc. Rep. 299.)

### BEYER v. HADDEN.

(Supreme Court, Appellate Term. December 16, 1908.)

COURTS (§ 188\*)—MUNICIPAL COURTS—JURISDICTION—IMPLIED CONTRACTS.

    Where the Municipal Court has jurisdiction of an action, that plaintiff must offer testimony which would be equally necessary in an action of which the court would have no jurisdiction in the first instance will not preclude its consideration, and, in an action on an implied contract against a husband to recover an attorney fee for services rendered his wife in a separation action by her which was discontinued, the Municipal Court could pass upon the sufficiency of proof that the wife had just cause for a separation which while necessary to the action was a mere incident thereto, though it would not have had jurisdiction of an action involving primarily such proof.

    [Ed. Note.—For other cases, see Courts, Dec. Dig. § 188.\*]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Robert P. Beyer against Henry C. Hadden. A demurrer to the amended complaint was sustained, and plaintiff appeals. Reversed and demurrer overruled, with leave to defendant to plead over.

Argued before GIEGERICH, HENDRICK, and FORD, JJ.

Robert P. Beyer, in pro. per.

John W. Remer, for respondent.

HENDRICK, J. The wife of the defendant instituted an action against her husband for a separation upon the ground substantially of cruel and inhuman conduct. During the pendency of this action she was, upon motion made in the Supreme Court, allowed the sum of $75 counsel fee to be paid to her attorney, this plaintiff. Subsequently the husband and wife became reconciled, and the action was discontinued. The plaintiff thereupon brought this action against this defendant to recover for the value of his services as attorney in the separation action rendered to the wife. The complaint set forth the foregoing facts, and the defendant demurred thereto upon the ground

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

    113 N.Y.S.—34

mainly that the Municipal Court had no jurisdiction over the subject-matter of the action. The demurrer was sustained in the lower court and the complaint dismissed.

It is conceded by the respondent that, if the action had been brought in a court of competent jurisdiction, it would lie. The contention of the defendant being that, as the plaintiff, in order to succeed in this action must prove affirmatively that the wife was justified in bringing her action, and that the conduct of the husband was such as to render its institution and prosecution, if not necessary, at least reasonable and proper, the Municipal Court had no power to review and pass upon such testimony; the action being one cognizable only in equity. The plaintiff's cause of action in this case is upon an implied contract, and is based upon the theory that the plaintiff's services were necessary services which the wife had authority as agent for her husband to obtain. While it is true that, in order to maintain this action, the plaintiff must prove that the wife had just cause for a separation, such proof is a mere incident to the cause of action itself, and the Municipal Court has power to pass upon its sufficiency. The case cited by the appellant herein Bell v. Gittere (Super. Buff.) 9 N. Y. Supp. 400, in support of his claim, seems to be an authority against it. The court in that case was asked to pass upon the question whether or not a county court in an action for partition in which action the complaint also asks for the cancellation of certain deeds had jurisdiction to render a judgment. The County Court had jurisdiction in an action for a partition, but had no jurisdiction in an action to cancel a deed in the first instance. The court held that jurisdiction to try "actions in partition being conferred, and title being one of the issues appropriate to and embraced within such action, it may be determined without invoking any other powers than such as are expressly provided for." In the case at bar the Municipal Court has power to try and determine actions upon contract. The allegations of the complaint are such as are embraced within the character of the action which may be tried in the Municipal Court, and that it may become necessary for the plaintiff to offer testimony which would be equally necessary in an action of which the Municipal Court would have no jurisdiction in the first instance does not preclude its consideration in support of a cause of action which the court is clearly authorized by statute to entertain. It follows that the demurrer was not well taken and must be overruled.

Judgment reversed and demurrer overruled, with leave to the defendant to plead over within five days upon payment of costs in the court below and in this court. All concur.