ACKERMAN & HARTNICK, INC., Plaintiff, Respondent, *v.* JOHN BERKOWITZ and SAM ANSELL, Copartners, Doing Business under the Firm Name and Style of KLADOL COMPANY, Defendants, Appellants.

Supreme Court, Appellate Term, First Department, November 18, 1924.

Sales — contract for manufacture — action by plaintiff to recover value of merchandise made for plaintiff, but undelivered by defendants by reason of plaintiff's failure to pay installment on contract — parties may elect to try case outside of pleadings and frame their own issues upon trial — sale distinguished from bailment — plaintiff, having formulated and framed issues to be submitted to jury, may not complain if jury finds against it — order setting aside verdict of jury reversed and verdict reinstated.

In an action by the plaintiff upon a contract for manufacture to recover the value of undelivered merchandise, made for the plaintiff by the defendants, an order setting aside the verdict of a jury in favor of the defendants should be reversed and the verdict of the jury reinstated, where it appears that on the trial the parties, finding the contracts inconsistent with the facts, practically disregarded both contracts and pleadings, and virtually framed issues for the jury, to determine whether plaintiff's promise to pay an installment due on the contracts had been given, as claimed by defendants, and whether, under all the circumstances that constituted a sufficient excuse for defendants' refusal to deliver the merchandise, since plaintiff cannot complain of a verdict rendered against it by the jury in full consonance with its own theory of the case as outlined by its own request to charge.

An agreement by the manufacturer to manufacture goods out of material furnished by the dealer is not a sale but a bailment for mutual advantage.

Parties may elect to litigate their causes outside of the pleadings and frame their issues upon the trial.

Appeal by defendants from an order of the Municipal Court of the city of New York borough of Manhattan, third district, setting aside the verdict of a jury.

*Smith, Heymsfeld & Weiss ( Nicholas A. Heymsfeld* and *David T. Smith,* of counsel), for the appellant.

*Abraham Goodman,* for the respondent.

Bijur, J.   Plaintiff, a dealer in dresses, made an agreement with defendants, who are contractors or manufacturers.   The contract was in the now familiar, but inexplicable form of a sale of goods to the contractor at a fixed price with an agreement of the latter to sell back at an increased price the dresses when finished.   The difference in price is the charge for defendant, contractor's, labor and material.

We have had occasion to consider these contracts frequently, and as early as *Ginsberg* v. *Kugler*, 174 N. Y. Supp. 143, determined that they were not sales but mere bailments for mutual advantage, practically agreements to manufacture goods out of material furnished by the dealer, here the plaintiff.   To add to the complexity of the nominal arrangement, the contracts in the case at bar contain the further provision that title to the goods shall remain at all times in the plaintiff.   How title to goods sold (otherwise than under a conditional bill of sale, of which there is no question in the instant case) can remain in the seller is not very clear; but the further provision that the contractor (defendant) expressly waives the right to any lien upon said goods or manufactured garments raises the still more confusing doubt as to why the contractor should waive a " lien " upon goods which belong to him.

Now, as to the actual transactions between the parties: Under eight of these peculiar contracts plaintiff " sold " to the defendants between April 28 and May 26, 1923, merchandise amounting to $3,983.24.   Defendants, between May fifteenth and June fourth, delivered two hundred and three dresses billed at $3,653.80.   There remained in defendants' possession thirty-eight dresses valued at $645.75 and unused material amounting to $212.51, a total of $858.26.   About June first plaintiff paid $150 " on account." Defendants, claiming that plaintiff had broken its agreement to pay an additional $150 by June second or fourth, refused to deliver the thirty-eight dresses.   Thereupon plaintiff brought this action for goods sold and delivered in the sum of $500.41, intended to represent the material withheld by the defendants.

The answer, in addition to denials, sets up as a separate defense an artisan's lien on behalf of defendants, and as a counterclaim a

demand for work, labor and services, apparently the difference between the " purchase " and " sales " prices of the goods.

When it came to the trial it is small wonder that both counsel and court found it difficult to adjust the formal contracts with the formal pleadings and both with the actual facts. At all events, a colloquy resulted in the statement by the court of what is called a concession in which both counsel agree, namely, that defendants had received merchandise to the value of $4,133.24 to be manufactured into dresses; that the title to the merchandise was in the plaintiff; that the defendants had delivered dresses during that time to the amount of $3,653.80, leaving a balance in plaintiff's favor of $479.44. Defendants' counsel admitted that they still had thirty-eight dresses on hand and $212.51 worth of merchandise, and claimed a net balance due them of $392.35.

There was much evidence about matters which have since become wholly immaterial, but it developed that no time of payment having been mentioned in the " contracts " defendants did not insist on payment on delivery of the dresses but would receive payments from time to time and occasionally payments on account. They claimed that about June first when they received $150 on the general account, plaintiff promised to pay an additional $150 the following day. The latter amount, though demanded several times up to June fourth, was not paid. On June eighth, following some correspondence between the parties, plaintiff's representative called at defendants' premises, and the conversation which then ensued might be construed as a statement by defendants that the dresses would not be delivered unless the $150 hereinabove referred to was first paid. Thereupon the summons in this action was served.

The learned judge below, in a very careful and painstaking opinion, has set the verdict aside on the ground that he had charged the jury that if " it finds that the plaintiff broke its promise to pay $300 in settlement of the account they might find that the defendants had a right to withhold the 38 dresses " and that that charge was erroneous " in view of the fixed legal rights of the parties." These, he explains, were that " defendants could not place the plaintiff in default until they had performed their undertaking to deliver the dresses. They were required at least to make a tender of performance. They should have offered the manufactured goods to the plaintiff because by the course of dealing the defendants had waived the right to regard payment as a concurrent dependent undertaking with delivery." The reasoning of the learned court is clear and unimpeachable but in my opinion it does not apply to the instant case as actually tried. There was no sale, consequently the ordinary rules as to technical " tender " do not apply.

On the other hand, assuming the contract to be one for manufacture, defendants had expressly waived their lien. The concession concurred in by the plaintiff's counsel at the opening of the trial, that there was a balance (as the facts then stood) in plaintiff's favor of $479.44, could relate only to the goods then in defendants' possession, and this necessarily implied that the goods belonged to the defendants, although as matter of fact they belonged to the plaintiff. In other words, the very notion that a balance in money was due to the plaintiff involved the premise that it had no title to the goods or to the dresses manufactured therefrom. I mention this merely to illustrate how completely the form of the transaction and the technical structure of the pleadings was disregarded at the trial.

Finally, plaintiff's counsel made the following requests to charge: " Plaintiff's counsel: If your Honor please, I will ask your Honor to charge that if they find that the defendants violated the terms of the contract or the course of dealing which is part of the contract, their verdict must be for the plaintiff. The Court: I so charge. Plaintiff's counsel: If they find from the testimony that delivery of the merchandise must be made by the defendants to the plaintiff and such delivery or tender was not made, their verdict must be for the plaintiff. The Court: I so charge." Of course, it followed from these requests that if the jury found that the defendants had *not* violated the terms of the contract or that delivery of the merchandise need *not* be made by the defendants to the plaintiff, the verdict should be for the defendants. Thereupon, following the key set by plaintiff's counsel, defendants' counsel asked the court to charge: " Defendants' counsel: I ask your Honor to charge the jury that if the jury find that the plaintiff did promise a payment of $300, and violated this promise by paying only $150, it is a question for the jury to determine whether we had a right to withhold the 38 dresses or not." This was charged, although plaintiff's counsel excepted.

The conclusion which I derive from this review of the trial is that what was submitted to the jury with the consent of both counsel was to determine whether the promise to pay the $150 on June second had actually been made, as claimed by defendants and denied by plaintiff, and whether under all the circumstances of the case that constituted a sufficient excuse for defendants' refusal to deliver the thirty-eight dresses which they had made for the plaintiff. This view is confirmed by the language of plaintiff's motion to dismiss the counterclaim: " Plaintiff's counsel: Now, if your Honor please, I move to dismiss the counterclaim as it appears affirmatively that the defendants failed and refused to deliver the merchandise as agreed. His own testimony is that they

were supposed to call for the merchandise and make them into dresses and deliver them to our place and give us a chance to examine them, and then receive their check ten or twelve days thereafter; that is what he was supposed to do, and did under the rest of this contract, but when it came to these dresses he refused to let them leave his place unless he received his money, gave us no opportunity to examine them; did not tender them to our place of business at any time; therefore, if your Honor please, we are not bound to call for them; we are not bound to pay for them at this time, if we take his own statement as true. Defendants' counsel: If your Honor please, these contracts call for cash payments. There is not anything said on those contracts in evidence as to whether this money was to be paid in ten days, and the legal presumption is it was a cash transaction. The Court: I deny the motion and give you an exception. Plaintiff's counsel: Exception. May I call your Honor's attention that it is one contract and can not be divided and that the payments have already been made on account of this in a given manner and therefore it follows that the contract must be carried out that way. The Court: I will deny the motion and let it go to the jury."

It is to be noted, in passing, that plaintiff's counsel refrained from alluding to plaintiff's alleged promise to pay the $150 which was defendants' chief reliance. Having practically formulated and framed the issues to be submitted to the jury, plaintiff, respondent, cannot complain of a verdict found against him in full consonance with his own theory of the case, as illustrated by his own requests to charge. *Porter* v. *Metropolitan Elev. R. Co.*, 120 N. Y. 284; *Buckeye Cotton Oil Co.* v. *Sloan*, 250 Fed. Rep. 712. This is all the more true in a case like this where the contract in its form is inconsistent with the facts; where at least some of the pleadings are inconsistent with the contracts; and where the course of the trial apparently disregarded both contracts and pleadings.

It is well settled that the parties may elect to try their case outside of the pleadings and frame their own issues upon the trial. *Frear* v. *Sweet*, 118 N. Y. 454, 457, 458; *Farmers' L. & T. Co.* v. *Housatonic R. R. Co.*, 152 id. 251, 254; *Baily* v. *Hornthal*, 154 id. 648, 654.

Under these peculiar circumstances, therefore, I am of opinion that the verdict of the jury was justified and correct and should stand.

Order reversed, with thirty dollars costs, and verdict reinstated.

GUY and MULLAN, JJ., concur.