George A. Smith, Plaintiff, *v.* Lela Beach Smith, Defendant.

Supreme Court, Monroe County, June 4, 1926.

**Husband and wife — motion for alimony and counsel fee in action by husband for divorce — evidence shows separation agreement, giving wife gross sum, was executed two months prior to commencement of divorce action — application for alimony denied where wife makes no claim that money allowed her under agreement is inadequate — allowance to wife in separation agreement does not include counsel fees — counsel fee of $250 allowed.**

An allowance of $250 for counsel fee and expenses, but not for alimony, should be made under section 1169 of the Civil Practice Act, in an action for divorce brought by the plaintiff against his wife, where approximately two months prior to the commencement of the action a separation agreement was made by the parties under which a gross allowance was made to the wife, the adequacy of which is not attacked in her answer, although it is claimed that the agreement had been broken by the husband, since an allowance to a wife in a separation agreement does not cover counsel fees and expenses in matrimonial actions.

Motion for alimony and counsel fee.

*Herbert J. Rambert,* for the motion.

*O'Brien & Emerson,* opposed.

RODENBECK, J. This is an action for divorce brought against the wife where there is an existing separation agreement. The agreement was made February 2, 1926, and the action was commenced April 12, 1926. The agreement gives the wife a gross sum which is clearly inadequate but no point is made on this account in the answer. The agreement covers the question of alimony and counsel fees in any action brought by the wife and is silent as to allowances in an action brought by the husband. The answer seeks to set aside the agreement on the ground that it has been broken. The agreement having been so recently made it must be assumed that the wife still has sufficient property received from her husband to take care of her until the action is tried since there is no claim in the answer that the amount received is inadequate. For this reason no allowance should be made to her for alimony but these reasons do not mitigate against her for an allowance for counsel fees and expenses pursuant to section 1169 of the Civil Practice Act. An allowance to the wife in a separation agreement does not cover counsel fees and expenses in matrimonial actions. There is no general rule that wherever there is a separation agreement no allowances can be made for alimony or counsel fees. The sum allowed in the agreement may be grossly inadequate or the agreement may have been tainted with fraud or it may have been broken or abandoned, in all of which cases a wife, when she is charged with adultery and a divorce asked for, may seek to set aside the agreement and to obtain a separation. The defendant may set up in the answer " as many defenses or counterclaims, or both, as he has, whether they are such as were formerly denominated legal or equitable." (Civ. Prac. Act, § 262.) Where counterclaims are set up based upon the inadequacy of the agreement or its fraudulent inception or its breach or abandonment, if she makes out a *prima facie* case, she should be given adequate allowances if the circumstances require it. This course does not involve passing on the validity of the agreement any more than it involves determining the issue of adultery. The relief which she asks is connected with the husband's cause of action and should be treated as such and not as an independent cause of action which if brought separately, would not justify an allowance. Motion as to alimony denied and counsel fee of $250 allowed, payable within ten days after the service of a copy of an order in accordance herewith. So ordered.