ALBER-WICKES PLATFORM SERVICE, Plaintiff, v. FREIBURG PASSION PLAY IN ENGLISH, INC., and Others, Defendants.

Supreme Court, Onondaga County, August 15, 1931.

*Byrne, Byrne & Lowery, Patrick A. O' Neil* and *Harlan H. Ballard, Jr.,* for the plaintiff.

*George A. Langan,* for the defendants.

Ross, Official Referee. The plaintiff, Alber-Wickes Platform Service, a partnership, alleges a contract with the defendant Freiburg Passion Play in English, Inc., by terms of which, in brief, the plaintiff corporation was to arrange for booking defendant's Passion Play in various cities, for which service the plaintiff was to receive a certain percentage running from ten to twenty per cent of the gross receipts. Evidence was offered in considerable length as to the performance by the plaintiff of its agreement in procuring bookings in various cities and the amount received to which I will refer hereafter.

But the real contest in this case was presented under somewhat unusual circumstances. The real dispute in this case is as to the liability of the defendant George Fassnacht under a promise which it is claimed he made to guarantee or be liable for the claim against

the corporation. This claim as against George Fassnacht was not pleaded, but evidence was given at length upon the subject and received without objection and without any motion by either party to amend their pleadings. After all the evidence was admitted, Mr. Langan, representing the defendants, made a motion to strike out " all the testimony admitted in relation to these demands or in an effort at settlement." No suggestion was made by the counsel that the claim litigated was not pleaded.

I must state in this connection that there was no proof whatever against the defendant Augusta Fassnacht. If the parties to a litigation desire to litigate a claim without pleadings or objection they may do so. (*Frear* v. *Sweet*, 118 N. Y. 454, 458; *Farmers' Loan & Trust Co.* v. *Housatonic R. Co.*, 152 id. 251; *Carter, Rice & Co.* v. *Howard*, 17 Misc. 381; *Ackerman & Hartnick* v. *Berkowitz*, 123 id. 937.) Bijur, J., writing, said (123 Misc. 941): " It is well settled that the parties may elect to try their case outside of the pleadings and frame their own issues upon the trial."

Assuming that the parties by their acquiescence upon the trial have presented the question of the liability of Mr. George Fassnacht upon a verbal promise made on Saturday, May thirtieth, the question presented is as follows: The witness, J. Elliott, testified as follows: " I told Mr. Fassnacht that we had, that we had waited as long as we were going to, if he didn't pay us or make some settlement with us we were going to attach. Mr. Fassnacht said, ' Please don't do that. If you make an attachment then my show can't go on and we will all lose money.' I told him it was absolutely necessary he pay us or we would attach." Again the witness testified as follows: " Mr. Fassnacht said that he was willing to try to make some settlement and he said that if we would hold off the attachment and give him a chance to take off the Saturday matinee and Saturday evening receipts, that he personally, would be responsible for making settlement of our claim." And again the witness states as follows: " By The Court: Question: What did you say? Answer: We wanted a settlement and demanded a settlement. Mr. Fassnacht said to me, ' if you will hold off and not attach until Monday you will get your money and I will personally guarantee it.' "

I quote from the plaintiff's brief: " The promise was original. George Fassnacht, Sr., said, ' If you will withhold attachment until Monday, June 1, 1931, I will personally guarantee your account.' The promise was not made conditionally or collaterally, it depended upon no circumstances or condition precedent; plaintiff concedes that if Fassnacht had said, ' If you will withhold your attachment

I will pay your account if the corporation does not,' or if his promise was conditioned upon the happening of any event whatever, then it would have been within the statute of frauds and would necessarily be required to be in writing." The attorney cites the case of *Voska, Foelsch & Sidlo* v. *Ruland* (172 App. Div. 616, 618). The promise in that case was: " I guarantee you that you will get every dollar coming to you for all the work; and if the 41st Street Company is not going to give you a check I am going to give you my personal check." And it was held that this promise was void, even if supported by a sufficient consideration, but as a promise to pay him money thereafter earned it was valid.

I assume that there was sufficient consideration, although there is some doubt about this. I do not find any agreement on the part of the plaintiff to refrain from attaching, but assuming he did refrain is a sufficient consideration, but the fact remains that the agreement was collaterally dependent upon the failure of the corporation to pay. " The promise made was, ' I will personally guarantee your account.' " Webster defines guaranty in law as follows: " To undertake or engage that another person shall perform what he has stipulated; to undertake to be answerable for the debt or default of another; to engage to answer for the debt or default of another; to engage to answer for the performance of some promise or duty of another in case of failure by the latter to perform." In other words, it is impossible to spell out from the language quoted anything more than it simply states, " A guaranty to pay if the corporation does not."

I find that this promise was collateral and within the Statute of Frauds (Pers. Prop. Law, § 31). The plaintiff's attorney has furnished me a very able and painstaking brief, but I do not agree with his contentions. After reading again and again the classic opinion of Judge Comstock in the case of *Mallory* v. *Gillett* (21 N. Y. 412) I feel that to attempt to state my reasons for the conclusion arrived at is a vain use of opportunity. I do not hope to state anything new but to briefly explain the application as it appears to me of settled principles to the facts in this case.

As Judge Comstock said in the *Mallory Case* (21 N. Y. 414): " There is no pretence that the defendant's promise was given or accepted as a substitute for the original demand, or that such demand was in any manner extinguished. The promise was, therefore, to answer for the existing and continuing debt of another, or, in the language of the books, was a collateral promise." And again on page 425 of 21 New York, citing the old case of *Van Slyck* v. *Pulver* (Lalor's Supp. [Hill & Denio] 47): " The promise was made in consideration that the plaintiff would suspend proceedings on an

execution against his debtor. This forbearance was admitted to be a sufficient consideration, and it was certainly a new one; but the promise was held void within the statute." Again on page 427 of 21 New York: " While the debt remains a subsisting demand against the original debtor, the promise of a third person is collateral, and must be in writing." On page 428 of 21 New York the learned judge, referring to the case of *Nelson* v. *Boynton* (3 Metc. [Mass.] 396): " The creditor in that case sued his debtor and seized his property under an attachment. The defendant promised to pay the debt in consideration of a discontinuance of the suit. The suit was discontinued accordingly, and the lien of the attachment was thereby lost, but the debt remained against the original debtor." It was held upon the fullest consideration, Chief Justice SHAW giving the opinion, that the promise was void because it was not in writing.

In the case of *White* v. *Rintoul* (108 N. Y. 222, on p. 226), Judge FINCH, writing: " The test to be applied to every case is whether the party sought to be charged is the principal debtor primarily liable, or whether he is only liable in case of the default of another third person, in other words, whether he is the debtor, or whether his relation to the creditor is that of surety for the performance by some other person of the obligation of the latter to the creditor." The language upon which it is sought to hold Mr. Fassnacht was: " If you will hold off and not attach until Monday, you will get your money. I will personally guarantee it." Certainly, it would seem that there can be no question that under the rules stated by Judge FINCH and by Judge COMSTOCK that the promise of Mr. Fassnacht was collateral. " I will personally guarantee it." (See article of Professor Arthur L. Corbin of Yale Law School in 41 Harvard Law Review at page 689.) On page 694: " It is equally clear that a promise of indemnity is within the statute if it is made to the creditor of some third person and for that person's benefit and accommodation, and if performance by either the third person or the new promissory will discharge the duty of the other to the creditor. * * * Thus, if ' S ' says to ' C ': ' Lend money to " P " and I will indemnify you against loss,' the promise of ' S ' is a promise to answer for ' P's ' debt to ' C ' and is within the statute."

I have examined the cases cited by the plaintiff, and they are, as it seems to me, distinguishable. *Raabe* v. *Squier* (148 N. Y. 81) was the case of an action against the owner of a building under construction where, on account of the builders' neglect to pay for the material, the owner agreed to pay and take it out of the amount coming to the builder. Of course, the promise was original, otherwise the owner in case of default of a contractor would be prevented from buying on credit materials to complete his building. *Ward* v.

*Hasbrouck* (169 N. Y. 407) was clearly an original undertaking. The case of *Richardson Press* v. *Vandergrift* (165 App. Div. 180) comes nearer to sustaining the contention of the plaintiff, two judges dissenting, but does not in my judgment disturb the rule in the *Mallory* case. The other cases cited by the plaintiff are clearly distinguishable.

The parties stipulated as to the total receipts received by the defendant corporation, and the witness Wickes testified as to the percentages the plaintiff was entitled to. It varied in amounts from ten to twenty per cent. The total amount claimed as stated by the witness is $2,362.98. I do not find that these amounts were contested. The witness Wickes also testified that he expended for legal services in connection with the Adolph Fassnacht production (pp. 29 to 42, inclusive) amounting to $494.91 in all.

The plaintiff is entitled to recover against the defendant corporation $2,857.89 and costs. The defendants George Fassnacht, Sr., and Augusta Fassnacht are entitled to have their action dismissed as against them and one bill of costs.