THE PEOPLE OF THE STATE OF NEW YORK ex rel. HENRY G. KELLER, Relator, v. EDWARD P. MULROONEY, as Police Commissioner of the Police Department of the City of New York, Respondent.— Certiorari proceeding sustained, determination of the police commissioner annulled and a new trial ordered. The testimony of Detectives Schain and Abt of their observation of the identification of relator and his automobile by the four children should not have been received. It gave credence to the identification by the children. This identification was the result of a fleeting glance. Without the testimony of the two officers, the testimony of the children may not have been given so much weight. The connection of relator with the main incident as a result of Officer Winters' observation was not satisfactorily explained. Lazansky, P. J., Scudder and Davis, JJ., concur; Kapper and Carswell, JJ., dissent and vote to confirm the determination.

SAMUEL RINZLER, Respondent, v. LENA RINZLER, Appellant, and WILLIAMS-BURGH SAVINGS BANK, a Banking Corporation Organized under the Laws of the State of New York, Respondent. SAMUEL RINZLER, Respondent, v. LENA RINZLER, Appellant, and CITIZENS SAVINGS BANK, a Corporation Organized under the Banking Laws of the State of New York, Respondent.— Order denying motion for a new trial on the ground of newly-discovered evidence reversed on the law and the facts and motion granted, costs to abide the event. Interlocutory judgment as amended and final judgment vacated and the appeal therefrom dismissed in conformity with the decision on the appeal from the order. The testimony in the supplementary proceedings establishes, if taken at its face, that no one was indebted to plaintiff and that he had no claim against any one at the time this action was brought. On a new trial it can be determined whether that was true (in which event the plaintiff should fail), and if false, the effect thereof on his testimony. Kapper, Carswell, Scudder and Davis, JJ., concur; Lazansky, P. J., not voting.

HARRIET J. ROSMARIN, Respondent, v. GEORGE ROSMARIN, Appellant.— Order granting summary judgment, in so far as appealed from, and judgment entered thereon unanimously affirmed, with ten dollars costs and disbursements. We are of opinion that the covenants are independent and that the wife's omission or refusal to abide by the covenant not to begin a matrimonial action does not affect the husband's obligation to pay the stipulated amount for the support of the child during minority. The obligation of support of the child is not conditioned on the wife's covenant not to sue, and the agreement for the support of the child " is looked upon as a substitute for the legal duty " of the father. (See *Thomas* v. *Thomas*, 104 N. J. Eq. 607, 609; *Sabbarese* v. *Sabbarese*, 104 id. 600, at p. 601, the latter affirmed on that opinion in 107 id. 184.) Present — Lazansky, P. J., Kapper, Carswell, Scudder and Davis, JJ.