EDWARD O'BRIEN, Respondent, *v.* OLA O'BRIEN, Appellant.

Fourth Department, November 5, 1937.

*Edmund Fitzgerald* [*William B. O'Connell* of counsel], for the appellant.

*Southworth & Malone* [*M. Francis Malone* of counsel], for the respondent.

LEWIS, J. In an action for absolute divorce a jury has resolved the issue of adultery favorably to the defendant, leaving for adjudication defendant's cause of action for separation which she alleged in her answer as a counterclaim. The appeal is from an order of the Special Term which denied a motion by defendant for alimony and counsel fees and granted plaintiff's motion to strike from defendant's answer her counterclaim for separation.

The parties to this action were married in 1920. Thereafter, in 1927, they entered into a separation agreement which contained the usual provisions for separate abode, the custody of children, weekly payments for maintenance, the wife's relinquishment of dower rights and a release by her of all claims against her husband for future support. The agreement also provided that " in the event that either of the parties should breach any of the covenants herein contained, this agreement shall then be of no force and effect, and subject to cancellation at the option of the party aggrieved."

If we accept as a fact plaintiff's statement in the record before us, it appears that he was in default after November, 1928, in the weekly payments for maintenance of his wife and children which the agreement required of him. This default might then have been a sufficient basis for rescission by the defendant had she chosen so to treat it. Apparently, however, she did not elect to terminate the agreement until November 19, 1936, when she caused to be served in the present action an answer in which she asserted a counterclaim for separation. Thereafter, on December 14, 1936, she instituted a separate action against her husband — the present plaintiff — in which she sought to recover payments past due under the separation agreement which they had executed in 1927. The Special Term has ruled that by instituting the action last above mentioned, the defendant has ratified and confirmed the separation agreement upon which it is based and has thereby defeated her cause of action for separation pleaded in the action at bar. Our view is to the contrary.

It is important to note at the outset that in defendant's suit against her husband, based upon the separation agreement, she seeks to recover only those payments which had become " due and

owing under said agreement as of the date of November 1st, 1936." No claim is made for payments due after November 19, 1936, when her cause of action for separation was asserted by the service of her answer in the present action. In fact in a verified statement now of record before us she " abandons any payments  *  *  *  from the date of November 1st, 1936."

We entertain no doubt that when the defendant elected to assert against the plaintiff a cause of action for separation she thereby forfeited *as of that date* her right to any payments which might grow due *thereafter* under the separation agreement. (*Pinkus* v. *Pinkus,* 230 App. Div. 791.) Her right to future benefits under that contract and her rights as a suitor in her separation action are inconsistent in the eyes of the law. They cannot coexist. (*Galusha* v. *Galusha,* 116 N. Y. 635; *Randolph* v. *Field,* 165 App. Div. 279, 282.) By asserting her counterclaim for separation in the present action she thus terminated on November 19, 1936, the separation agreement of 1927. (*Pinkus* v. *Pinkus, supra.*) She did not, however, forfeit her right to recover those payments which had fallen due under its terms *prior* to that date. (*Breiterman* v. *Breiterman,* 239 App. Div. 709.)

We, therefore, treat defendant's claim in her separation action against this plaintiff as one based upon a separation agreement which her husband abrogated by his own default but which she did not elect to terminate until November 19, 1936, when she served her answer in the present action and first asserted a cause of action for separation. Until that date there is no proof of a breach of the agreement on her part from which a forfeiture of her rights thereunder can be implied. Her husband's default standing alone did not relieve him of the obligations he had assumed. " Plaintiff alone cannot terminate the agreement. The consent of both parties is required." (*Rosenblatt* v. *Rosenblatt,* 209 App. Div. 373, 375.) Accordingly his obligations remained until the defendant by some act on her part terminated the agreement.

We find no proof of any act of the defendant of a character amounting to rescission, prior to her assertion of a counterclaim for separation. Lacking such proof and provided the Statute of Limitations had not intervened as a bar, we conclude that the defendant retained a right of action, based upon the separation agreement, to recover payments which had become due thereunder prior to the service of her counterclaim. " She had a right to terminate the said agreement as to future performance, with the full retention of her rights to enforce payment of the amount due her up to the time of such termination, without being held to a forfeiture thereof by an unwarranted implication of a repudiation thereof on her part." (*Breiterman* v. *Breiterman, supra,* p. 711.)

What was said by Presiding Justice MARTIN, then an associate justice, in the case last cited is quite as applicable here (p. 712): "If the contention of [respondent] be correct, he might refuse for several years to pay installments due under the agreement and when the plaintiff was compelled because of such neglect to go to court to obtain support, then argue that because she did so she had forfeited all of the payments due under the separation agreement."

That part of the order which dismissed defendant's cause of action and counterclaim for a separation should be reversed on the law, with ten dollars costs and disbursements, and plaintiff's motion in that regard denied, with ten dollars costs; that part of the order which denied defendant's motion for alimony and counsel fees should be reversed on the law, with ten dollars costs, and the matter remitted to Special Term for the award of such allowance as the court may find is warranted by circumstances then shown in support of her application.

All concur. Present — SEARS, P. J., EDGCOMB, CROSBY, LEWIS and CUNNINGHAM, JJ.

Order so far as it dismissed defendant's counterclaim for separation reversed on the law, with ten dollars costs and disbursements, and plaintiff's motion for dismissal of the counterclaim denied, with ten dollars costs, and order so far as it denied defendant's motion for counsel fee and alimony reversed on the law, with ten dollars costs, and matter remitted to the Special Term for further proceedings.