## Fourth Department, November, 1937.
### (November 5, 1937.)

Charlotte Sockman, Respondent, v. Bernard Sockman, Appellant.

Memorandum. Following defendant's default in payments due under the separation agreement, plaintiff retained her right of action to recover past due payments thereunder, if any, until a termination thereof by some act on her part which in legal effect repudiated the agreement. (*Breiterman* v. *Breiterman*, 239 App. Div. 709; *Pinkus* v. *Pinkus*, 230 id. 791; *O'Brien* v. *O'Brien*, ante, p. 427.) We do not construe the separation agreement as expressing an intent to make provision for counsel fee and the expense of defraying a matrimonial action brought by the husband (the defendant herein) against this plaintiff. Accordingly we believe that plaintiff's application for counsel fee (without alimony) in a divorce action brought against her by her husband, and granted to her on February 27, 1936, did not constitute a repudiation by her of the separation agreement. (*Smith* v. *Smith*, 127 Misc. 764, 765.) We conclude, however, that such a repudiation by the plaintiff did occur on July 27, 1936, when she applied for and was granted alimony in an annulment action brought against her by this defendant. In view of her

husband's previous repudiation of the separation agreement, we believe that the plaintiff then acquiesced in that repudiation and fell back upon her marital rights by persisting in her application for alimony after notice in open court that she thereby placed in jeopardy her right to recover under the separation agreement any future payments for her maintenance which might be withheld from her by the defendant. (*Randolph* v. *Field*, 165 App. Div. 279, 282; *Cain* v. *Cain*, 188 id. 780, 782; *Rosenblatt* v. *Rosenblatt*, 209 id. 373, 374; *Pinkus* v. *Pinkus*, *supra.*) It follows that plaintiff is entitled to an award of damages constituting payments past due under the separation agreement until July 27, 1937, which amount we compute from the record to be $185. We reduce the award to plaintiff accordingly.

All concur. Present — Sears, P. J., Edgcomb, Crosby, Lewis and Taylor, JJ.

Judgment modified on the law by reducing the directed verdict to the sum of $185 as of the date of the rendition thereof, and as modified together with the order, affirmed, without costs of this appeal to either party.