PAULA L. LIPKIND, Plaintiff, *v.* SAMUEL LEWIS, Defendant.

Municipal Court of the City of New York, Borough of The Bronx, November 22, 1950.

*Vincent J. Cuti* for plaintiff.

*William S. Miller* for defendant.

LORETO, J. This suit is one to recover unpaid weekly installments stipulated in a marital separation agreement between the parties for the support of their infant child.

The defendant urges as a defense the breach of the agreement by the plaintiff in denying him the right of visitation of their child and also in refusing to turn over to him certain items of personal property. The court finds that the evidence fails to

sustain breach of the separation agreement by the plaintiff as claimed. Moreover, it appears by the agreement that the promises, by the defendant husband to pay for support and by the plaintiff wife to allow visitation and to return the articles of property mentioned, are independent and not mutually dependent (*Rosmarin* v. *Rosmarin*, 238 App. Div. 798).

At the conclusion of the trial, the defendant urged the dismissal of the complaint on the ground that this court had no jurisdiction of the cause. The contention simply stated is that this case deals with matrimonial matters, which are not within the limited jurisdiction of this court.

Section 6 of the New York City Municipal Court Code reads: " The municipal court of the city of New York shall have jurisdiction: 1. Of the following actions when the amount claimed in the summons does not exceed two thousand dollars, exclusive of interest and costs: an action upon a contract, express or implied, other than a contract to marry   *   *   *." This is the only portion of the statute which has any relevancy to the instant suit. The question therefor is — Is this action one based upon a contract, other than one to marry?

Jurisdiction of suits to annul a marriage and for separation and for divorce, with relief for alimony, custody and maintenance of children, is conferred upon the Supreme Court (Civ. Prac. Act, arts. 67–70 incl.). Is the plaintiff, as the defendant contends, attempting to seek relief in this court, on a cause of action which properly lies in the Supreme Court? This court must answer that question in the negative.

The action pleaded and proved is based on an express contract; it does not seek separation, it is founded on an existing separation; it does not seek the fixation by the court of alimony, custody and maintenance. It seeks the determination of the contract rights of the parties regarding the amount due for the support of the infant child. Although the court may be required to inquire into the question whether visitation of the child was denied to defendant by the plaintiff, this is purely incidental.

Therefore, while it is true that the matter of custody and visitation of children is cognizable in equity or probate courts and that this court has no power to pass upon or review such issues, this action does not purport to determine the rights of the parties on such points. Proof in that regard is a mere incident to this cause of action in contract, which is within the jurisdiction of the Municipal Court (see *Beyer* v. *Hadden*, 61 Misc. 299).

Where the judgment sought was to be based on a finding by the court of the amount the defendant can afford to pay, an increase in the fixed minimum provided in the separation agreement being dependent by its terms on such a factor, it has been held that this court has no jurisdiction (*Gerken* v. *Gerken,* 199 N. Y. S. 171 [App. Term, 1st dept.]). No similar determination is required here which would oust this court of jurisdiction.

Accordingly, judgment is awarded to the plaintiff for the sum of $350, with interest as demanded, representing the amount, unpaid, stipulated in the agreement. Ten days' stay.