G. Egbert Wither, J.
The plaintiff wife instituted this Action for separation upon the grounds of defendant’s cruel *171 and inhuman treatment and failure to support plaintiff properly. The defendant answered with a general denial and also set up two separate defenses, to wit, (1) that on January 26, 1955, the parties entered into a separation agreement which is valid and subsisting, and (2) that the plaintiff has associated with other men and is guilty of misconduct in her marriage to the defendant. The plaintiff served no reply to defendant’s answer.
If plaintiff had the grounds to do so, she could have served a reply disputing the validity of the separation agreement and asking the court to determine it. (Leeds v. Leeds, 265 App. Div. 189.) In the absence of action to set aside the agreement, however, it must stand unless both parties repudiate it. (Galusha v. Galusha, 116 N. Y. 635; O’Brien v. O’Brien, 252 App. Div. 427; Borax v. Borax, 3 A D 2d 404; O’Hara v. O’Hara, 68 N. Y. S. 2d 649.)
By instituting her action for separation, the plaintiff repudiated the separation agreement. (Rennie v. Rennie, 287 N. Y. 86; O’Brien v. O’Brien, supra; O’Hara v. O’Hara, supra.) Although the defendant in his answer raised the defense of the separation agreement, upon the trial and since the trial he has taken the position that plaintiff has repudiated the agreement and that hence the agreement is now void. He asks the court to disregard it and to proceed to decision on the theory that the separation agreement has terminated. It thus appears that both parties have repudiated the agreement, and so the court will proceed to decide this case as one in which there is now no separation agreement. (See Sockman v. Sockman, 252 App. Div. 914.)
No showing was made or attempted to be made that the separation agreement was unconscionable, and the parties are bound by its terms until the time of its repudiation. (O’Brien v. O’Brien, supra.) Although the plaintiff bases her action in part on the failure of defendant to support her properly, she has not asked in her complaint for judgment for payments in arrears, and indeed she has not proved that defendant was in arrears in his payments. Hence the question of failure to support is out of this case; and plaintiff’s action rests solely on her claim of defendant’s cruel and inhuman treatment of her.
The evidence does not support plaintiff’s claim that the defendant used physical violence upon her. Whatever force he used at any time was required to resist the force advanced by her.
A principal basis of plaintiff’s claim that defendant treated her with cruelty is the fact of his employment of a woman, Mrs. *172 Bobby, to keep house for him and the children during a period when plaintiff left her home and children. It appears that Mrs. Bobby was and is separated from her husband; that she has three children; and that defendant is now living in the same apartment with her. Defendant denies that he occupies the same bedroom with her and states that she is merely his housekeeper.
Assuming, without deciding, that defendant is guilty of cruel and inhuman treatment of plaintiff by reason of his relations with Mrs. Bobby, the plaintiff must fail in her action.
In his answer defendant has set up as a defense the plaintiff’s conduct (Civ. Prac. Act, § 1163). The evidence amply supports this defense. The plaintiff left her home and children for a period of several weeks in the Spring of 1955. In September, 1955, she left her home and children and did not return until April, 1956. Although she charges that defendant’s conduct induced her to leave on the latter occasion, that hardly explains her abandonment of the children during this period. It should be borne in mind that the parties were then separated under the agreement of January, 1955, and plaintiff was not living with defendant on these occasions. After her return to her children in the Spring of 1956, she kept company with several men. She often went to local bars with the children, and while there would sit at the bar and drink with men whose acquaintance she would make. On one occasion she was out with a man until after 3:00 a.m., when he returned her to a parking lot to pick up her automobile. She was then found to be under the influence of liquor and to have her underpants in her pocketbook. On another occasion she hid on the floor of her boyfriend’s automobile while he sped away from the defendant who was attempting to follow them. She does not dispute this.
Plaintiff’s conduct toward defendant was quite intolerable, including her foul language toward him in the presence of the children. She did not deny, but seemed to think it cute, that she called him a “no good son-of-a-bitch guinea,” and told the children in his presence that that was the kind of father they had.
The complaint is, therefore, dismissed.
The testimony is replete with evidence that plaintiff has not been a loving and fit mother. Both by what she said and did it is clear that she did not and does not wish nor intend to be tied down by her two children. On one occasion she gruffly told them to get away from her and go to their father.
Although the court finds the plaintiff to be an unfit mother and an improper influence upon her children, custody of them *173 may not at this time be awarded to the defendant. The court is generally well impressed with the defendant in his attitude toward his children and his responsibility toward them. Under his present living conditions, however, he lacks the proper environment for them.
Since the children are of the Roman Catholic religious faith, the court will refer the matter of their care to the Rochester Catholic Family Center. When a satisfactory custodial situation for the children is worked out, an order for their support in pursuance thereof will be made.
An allowance of $150 is made to plaintiff’s attorney, such sum to be paid by the defendant, for the services rendered and to be rendered by the attorney herein in connection with the determination of the custody and care of the children.
This is the decision of the court within the provisions of section 440 of the Civil Practice Act.
Submit judgment accordingly.