■ HARRIET LEVITT, Appellant, v. SEYMOUR LEVITT, Respondent. (Action No. 1.) SEYMOUR LEVITT, Respondent, v. HARRIET LEVITT, Appellant. (Action No. 2.) — Order insofar as it grants the motion of plaintiff Seymour Levitt for summary judgment in Action No. 2 and insofar as it denies the motion of defendant Harriet Levitt for summary judgment in Action No. 2 unanimously reversed on the law and facts and Harriet Levitt's motion, as defendant in Action No. 2, granted and complaint in Action No. 2 dismissed, and otherwise order affirmed. See Memorandum filed in companion case of *Levitt* v. *Levitt* (18 A D 2d 1051). (Appeal by Harriet Levitt from order of Erie Special Term denying the motions of plaintiff in Action No. 1 and defendant in Action No. 2 for partial summary judgment in Action No. 1 and for dismissal of the complaint in Action No. 2.) Present — Williams, P. J., Bastow, Goldman, McClusky and Henry, JJ.

■ SEYMOUR LEVITT, Respondent, v. HARRIET LEVITT, Appellant. (Action No. 2.) — Judgment unanimously reversed on the law and facts, with costs and motion of plaintiff Seymour Levitt for summary judgment denied, with $10 costs. Memorandum: We recognize the general rule that the commencement of a separation action by a wife and her subsequent conduct in obtaining an award of temporary alimony constitutes an election to terminate a separation agreement. (*Cavellier* v. *Cavellier*, 4 A D 2d 600; see, generally, Grossman, New York Law of Domestic Relations, §§ 412, 413.) That rule is not here applicable. The action of the wife in commencing a proceeding in Children's Court of Nassau County did not constitute such an election on her part because the possibility of such act was recognized by the provisions of the separation agreement of September 2, 1958. Paragraph 17 thereof provides that in the event a " suit or proceeding " is instituted " in any court of any State of the United States " the parties agree that the provisions therein for the support of the wife shall be incorporated in the order; that the agreement shall not merge therein but shall survive in full force and effect. The authorities relied upon by respondent state the general rule that the rights of a wife to future benefits under a contract and her rights as a suitor in a separate action are inconsistent and may constitute a repudiation of the contract. (*O'Brien* v. *O'Brien*, 252 App. Div. 427, 429; see, also, 4 Corbin, Contracts, § 984.) There is no proof here of such a repudiation and the implied finding to that effect by Special Term (no memorandum was written) upon which summary judgment was granted voiding the separation agreement was erroneous. In the light of the foregoing the motion of the wife for summary judgment dismissing the complaint in Action No. 2 should have been granted. The husband presents no facts demonstrating a triable issue as to the second cause in Action No. 1 except his allegations as to the refusal of the wife to permit him to visit the children. This is denied by the wife but a triable issue is presented. (*Duryea* v. *Bliven*, 122 N. Y. 567, 570; *Haskell* v. *Haskell*, 201 App. Div. 414, affd. 236 N. Y. 635; see, also, *Kuniholm* v. *Kuniholm*, 11 N Y 2d 358.) We conclude with the observation that there has been unnecessary delay in these actions the blame for which we do not undertake to assess or apportion. Proceedings that indirectly involve the support of children should not be frustrated by endless disputes over collateral problems (cf. *Aberlin* v. *Aberlin*, 3 A D 2d 417, 421). A pref-

erence should be granted and there should be a prompt trial of the remaining action. (Appeal from judgment of Erie Special Term striking out the answer of defendant and cancelling the separation agreement.) **Present** — Williams, P. J., Bastow, Goldman, McClusky and Henry, JJ.