Philip B. Heller, J.
The plaintiff is the wife of the defendant. They were married in 1942 and have two children, 8 and 10 years of age, who reside with plaintiff in a home owned by the parties by the entirety. The parties separated on or about June 14, 1962. An action for a separation brought by the wife in the Supreme Court, Nassau County, was settled and discontinued when the parties entered into a separation agreement on October 31, 1962, effective as of October 9, 1962. Since the present litigation stems from that agreement, a brief mention of its contents is required.
The whereas clauses (from which some evidence of intent as to the effective provisions of the agreement may be gleaned) recite the marriage, the issue of the marriage, the separation of the parties, the pendency of the separation action, and conclude with a recital that “ the parties deem it to their mutual advantage that there should be an agreement between them settling the issue of alimony for the wife and support and maintenance of the above named infant children.” The agreement *1000 itself then proceeds to provide for separation, for custody of the children and for payment of specified percentages of defendant ’s earnings for alimony and for the support and maintenance of each of the children. The agreement also provides for the disposition of certain real and personal property, including a paragraph which reads: “ 4. The premises presently owned by the parties hereto as tenants by the entirety will, with the consent of both parties, be placed upon the market for immediate sale at a price satisfactory to both parties; and the net proceeds of the sale of the premises will be distributed equally between the parties.”
The defendant made payments under the agreement from its inception to February 18, 1963. He has admittedly not made any payments of alimony or support and maintenance thereunder since that date (such payments being the only ones at issue) and the wife instituted this action by summons accepted on June 5, 1963, to recover the weekly sums of $146 each for alimony and support which became due under the terms of the agreement on February 19, 1963 and weekly thereafter to and including June 4, 1963, aggregating $2,336. It is also established that on May 1, 1963, the plaintiff commenced an action for separation in the Supreme Court which action is presently pending and in which action she served motion papers upon an application for alimony pendente lite on June 3, 1963. The court is not advised as to the decision on that motion nor as to the theory underlying the Supreme Court action.
The answer asserts as a defense that prior to the execution of the separation agreement and with specific reference to the fourth paragraph thereof above quoted, the plaintiff stated that “ she would join in the sale of said premises for any price that this defendant thought proper.” Then, ,says the defendant, when he produced an offer for a sale at $57,500 on or about February 18, 1963, the plaintiff refused to join in any sale and delayed negotiations for three months as a result of which the sale fell through and the defendant has lost $10,000 by reason thereof. Although not pleaded as a counterclaim, an affirmative judgment for $10,000 is sought and the parties have treated the defense as though it were in fact pleaded as counterclaim. The court will deem the answer amended accordingly. (Frear v Sweet, 118 N. Y. 454, 457, 458; Helfhat v. Whitehouse, 258 N. Y. 274, 278; Ackerman & Hartnick v. Berkowitz, 123 Misc. 937, 941.)
The court now has before it the plaintiff’s motion for summary judgment. It is granted to the extent of awarding partial summary judgment to the plaintiff for $1,606, the total of the payments that were due on February 19,1963, and weekly there *1001 after to and including April 30, 1963. The action will be continued for the purpose of determining the defendant’s liability for payments becoming due on May 7 and weekly thereafter. The defense is stricken and the countrclaim is dismissed.
I
Paragraph 4 of the agreement quoted above which provides for a sale of the real property “ at a price satisfactory to both parties ” states no enforcible agreement. The provision was so indefinite as to have no legal significance. It amounted to nothing more than an agreement to make a future agreement and was not enforcible (St. Regis Paper Co. v. Hubbs & Hastings Paper Co., 235 N. Y. 30, 36; Ansorge v. Kane, 244 N. Y. 395, 398; Hurwitz v. Gleicher, 284 App. Div. 1056).
That paragraph 4 is ineffective does not invalidate the remainder of the agreement. The agreement stems from a separation action pending in the Supreme Court under then applicable law. In that action, the court on the date of the agreement could only have made a determination as to custody, alimony and support and occupancy of the residence owned by the entirety (Langerman v. Langerman, 303 N. Y. 465, 470; Adelman v. Adelman, 3 A D 2d 839; Civ. Prac. Act, arts. 69, 70). It could not in a matrimonial action have made an effective decree relating the property rights generally.
Moreover, the language used in the recitals of the agreement preliminary to the agreement itself expressly stated that the purpose was to settle the issue of alimony and support and maintenance of the children, and no reference was there made to a purpose to settle property rights (although the agreement itself contains provisions aimed at that objective).
In Rosmarin v. Rosmarin (238 App. Div. 798) the court speaking of dependency of covenants in a separation agreement said: “ We are of opinion that the covenants are independent and that the wife’s omission or refusal to abide by the covenant not to begin a matrimonial action does not affect the husband’s obligation to pay the stipulated amount for the child * * *. The obligation of support of the child is not conditioned on the wife’s covenant not to sue, and the agreement for the support of the child ‘ is looked upon as a substitute for the legal duty ’ of the father.”
In Schiff v. Schiff (270 App. Div. 845) the court considered the sufficiency of defense pleaded by the wife. The third defense alleged that a separation agreement relied on by the plaintiff husband was void because it relieved him of all liability to sup *1002 port the wife. The court said (p. 846): “The Special Term correctly held this defense to be insufficient. While the provision in the agreement exempting the husband from his obligation to support his wife contravenes section 51 of the Domestic Relations Law [citing cases], that provision does not vitiate the entire agreement and the other provisions of the agreement may he valid and enforcihle ” (italics supplied).
These rules apply even if the contract lacks a saving clause to the effect that if any part of it is found to be invalid, that should not affect the remainder. Apart from such a clause, that result follows when the illegal part can be practically severed from the legal (Mahana v. Mahana, 69 N. Y. S. 2d 629, 630).
Within the principles above stated, I conclude that the agreements for payment of alimony and support were not conditioned upon the wife’s sale of the real property; they were substituted for the legal duty of the defendant as husband and father; and the unenforcibility of the term of the contract relating to the sale of the real property does not vitiate the entire agreement.
It follows that the defense and counterclaim are insufficient in law and in fact. In this connection, the court notes that the real property transaction failed in May and that the defendant is using that as an excuse for his failure to make any payments commencing with those due on February 19, 1963. It also notes that the defendant not only stopped paying amounts due the plaintiff, but also those due for the support and maintenance of the infant children of the parties although they had no obligation' as to the real property. It is possible to infer that lacking-better excuses for this failure to support his wife and children during the times in question, the defendant now, with the prescience afforded by hindsight, has sought and found a slender reed upon which to lean. It is unnecessary to explore these possibilities further; I have already ruled that the alleged breach of paragraph 4 of the agreement affords no tenable defense to payment of alimony to the wife, and for the support and maintenance of the children; and no basis for a counterclaim.
n
The only issue that remains is one not asserted by the defendant but which is nevertheless before the court in determining the motion. What is the effect on payments thereafter due under the agreement, of the wife’s commencement of a separation action on May 1, 1963? There is, of course, no question of the plaintiff’s rights to those payments accruing under the agreement prior to that date (O’Brien v. O’Brien, 252 App. Div. *1003 427, 429; Auten v. Auten, 281 App. Div. 740; Cavellier v. Cavellier, 4 A D 2d 600, 602).
Because neither party has furnished the court with the pleadings in the matrimonial action or any specification of the theories asserted in either the complaint or answer or of the respective judgments sought, it is unable to determine as a fact whether the separation agreement was terminated by the institution of the separation action on May 1, 1963, or by the subsequent seeking and obtaining of an alimony award (cf. Rennie v. Rennie, 287 N. Y. 86; Cavellier v. Cavellier, supra; Sockman v. Sockman, 252 App. Div. 914; Randolph v. Field, 165 App. Div. 279, 282; Spade v. Spade, 6 Misc 2d, 170, 171). The papers therefore present a question of fact whether under all of the circumstances involved in the Supreme Court litigation, it was the plaintiff’s intention to waive her rights under the separation agreement by the commencement of the action for separation (Keiler v. Keiler, 13 Misc 2d 441 and cases there cited). For that reason, only partial summary judgment is granted to the extent herein-before indicated and the cause will continue as to the balance.