William Berman, J.
Respondent moves to dismiss the petition herein which seeks to enforce an agreement which survived an Alabama decree.
The parties, who were husband and wife, on March 2, 1961 entered into a separation agreement. On March 30, 1961, petitioner herein obtained a divorce in Alabama from the respondent and the decree provided that the agreement shall survive. The agreement in part provided that after October 31, 1962 respondent was to pay $10 a week for the support of the petitioner and $5 a week for each of the two children and respondent shall maintain a $10,000 life insurance policy with petitioner as beneficiary.
On September 30, 1968, petitioner made application to this court for an upward modification of the support payments. On November 4, 1968, an order was made directing respondent to pay $35 a week for the support of two children.
Petitioner in the instant application demands arrears of $110 due under the agreement and that the respondent be required to maintain the afore-mentioned life insurance policy.
Respondent in his brief relies on Spade v. Spade (6 Misc 2d 170), wherein the court held that plaintiff wife in a separation proceeding repudiated the separation agreement there, by the commencement of the matrimonial action. The court also held on the facts therein that the defendant husband likewise repudiated the agreement.
This court has jurisdiction of an application to modify the decree of the State of Alabama where there has been a subsequent change of circumstances (Family Ct. Act, § 466; Potak v. Potak, 26 A D 2d 950; Matter of Aranow v. Aranow, 57 Misc 2d 86). The authority to modify support for the children as here ordered has been established. (Moat v. Moat, 27 A D 2d 895; Matter of Travis v. Travis, 54 Misc 2d 575; Matter of Guillermo v. Guillermo, 43 Misc 2d 763.) This court also has jurisdiction to enforce the divorce decree and the separation agreement which survived. (Matter of Zeitz v. Drogheo, 21 N Y 2d 181.)
*422 In view of all of the foregoing I am of the opinion that Spade v. Spade (supra), relied upon by the respondent, is not here applicable. Since the previous application by the petitioner was made in accordance with the established law, the contention that said application for an upward modification was a repudiation of the separation agreement is without merit. The motion to dismiss is denied.