Louis I. Kaplan, J.
Plaintiff moves for summary judgment upon the second cause of action in the amended complaint to recover the support payments directed in the Nevada divorce decree. Therefore, the defense of merger of the separation agreement into the divorce decree in respect to the first cause of action upon the separation agreement itself need not be considered by me.
The main issue herein is whether subdivision (c) of section 466 of the Family Court Act deprives the Civil Court of its jurisdiction to enforce a foreign decree of support. Subdivision (c) of section 466 of the Family Court Act provides that if a court of competent jurisdiction outside of the State of New York grants alimony or support in any such action,-the Family Court may enforce the order or decree granting alimony or entertain an application to modify the decree on the grounds that there has been a subsequent change of circumstances and that modification is required. There is no doubt that the Family Court has the power to enforce a Nevada decree or any other foreign divorce decree (Matter of Seitz v. Drogheo, 21 N Y 2d 181; Matter of Jean v. Stanley, 60 Misc 2d 420; Matter of Aranow v. Aranow, 57 Misc 2d 86; Martin v. Martin, 58 Misc 2d 459). However, in the aforesaid cases, there is no indication that the jurisdiction of the Family Court and the Supreme Court is exclusive. The use of the word “may” in subdivision (c) of section 466 of the Family Court Act indicates that it was not given exclusive jurisdiction. Even the word ‘ ‘ must ’ ’, if it were used, does not necessarily indi *323 cate exclusive jurisdiction (Levine v. Levine, 48 Misc 2d 15, affd. 50 Misc 2d 39).
It is not disputed that the decree of the Nevada court, a copy of which is attached to the moving papers as Exhibit “2”, did not contain a provision for modification. Therefore, according to the Nevada Revised Statutes, there cannot be a modification of accrued installments unless the parties entered into a stipulation prior to the time a motion for modification is filed. Since the Nevada decree is final and not subject to modification, this court must give 1 ‘ full faith and credit ’ ’ under the United States Constitution to said decree (Maltz v. Maltz, 279 App. Div. 52; Stewart v. Stewart, 198 App. Div. 337).
This court has jurisdiction to entertain the action to recover arrears due and vested under a sister State decree of divorce or separation, providing the judgment sought does not exceed the monetary jurisdiction of the court. Subdivision (c) of section 466 of the Family Court Act does not give the Family and Supreme Courts the exclusive jurisdiction to enforce a foreign decree of support. Therefore, the defendant has failed to show a meritorious defense to the second cause of action in the amended complaint.
Accordingly, plaintiff’s motion for summary judgment on the second cause of action in the amended complaint is granted, and judgment shall be entered for the amount demanded in the second cause of action stated in the amended complaint. Defendant’s request to dismiss the complaint is denied.