(114 App. Div. 813)

## SEYMOUR v. WARREN et al.

(Supreme Court, Appellate Division, Second Department.  July 24, 1906.)

1. CONTRACTS—RENUNCIATION—ACTION FOR BREACH.

Where one party to a contract renounces it before time for performance, the other party may then sue for a breach.

[Ed. Note.—For cases in point, see vol. 11, Cent. Dig. Contracts, §§ 1279, 1510, 1587.]

2. SAME—RESCISSION—WHAT CONSTITUTES.

Defendants agreed with plaintiff to take charge of her premises, to preserve them, and to pay all expenses until a certain time, defendants to have the rentals and pay plaintiff a specified sum per month. *Held* that, defendants having broken the contract, the act of plaintiff in taking possession did not amount to a rescission.

Appeal from Special Term, Queens County.

Action by Cornelia Seymour against Walter H. Warren and another. From a judgment in favor of defendants, and from an order denying a new trial (93 N. Y. Supp. 651), plaintiff appeals.   Reversed.

Argued before JENKS, HOOKER, RICH, and MILLER, JJ.

Edmund L. Mooney and Frederick A. Card, for appellant.

James J. Allen, for respondents.

JENKS, J.  This action was begun on 'February 28, 1899, for damages for breach of a contract made March 26, 1897, whereby defendants agreed with plaintiff to take entire charge of certain premises owned by plaintiff, to preserve them, 'and to pay all expenses until May 1, 1900, the rentals thereof to be received by the defendants to their own use, and in consideration thereof to pay the plaintiff $75 a month, beginning May 1, 1897.  The case was decided upon the following proposition of the learned trial court:

"By taking the property away from the defendants and into her own charge the plaintiff rescinded the contract and thereby lost her right of action for damages for the breach by the defendants."

The case of the plaintiff is that the defendants broke the contract, and thereupon, upon notice to the defendants that she considered that they had repudiated the contract, she took such possession and rented the premises.  If the defendants renounced the contract, the plaintiff could act upon the assumption of a breach before the time for performance (Bernstein v. Meech, 130 N. Y. 354–358, 29 N. E. 255; Windmuller v. Pope, 107 N. Y. 674, 14 N. E. 436), and she could thereupon sue upon the breach (Howard v. Daly, 61 N. Y. 362–376, 19 Am. Rep. 285).  I am of opinion that a rescission was not necessarily established by the act of the plaintiff in taking over the premises, provided there was a breach of the contract by the defendants.  So far as her obligations to the defendants were concerned, it was indeed her "duty to mitigate the damages as much as she could."  See Kidd v. McCormick, 83 N. Y. 391–399; Allen v. McConihe, 124 N. Y. 342, 26 N. E. 812; Johnson v. Meeker, 96 N. Y. 93, 48 Am. Rep. 609.

Inasmuch as the court disposed of the case upon the view that the act of the plaintiff in any event was a rescission, I think that the judgment and order must be reversed, and a new trial must be granted; costs to abide the final award of costs.  All concur.