RAY BREITERMAN, Respondent, *v.* EDWARD H. BREITERMAN, Appellant.

First Department, January 19, 1934.

*Frank F. Bergenfeld* of counsel [*Martin I. Rose* with him on the brief; *Brill, Bergenfeld & Brill*, attorneys], for the appellant.

*David Ray Bernstein*, for the respondent.

MARTIN, J. On February 14, 1933, the plaintiff brought this action against her husband to recover $3,650 due under a separation agreement dated July 28, 1930, being the difference between the weekly payments made to her by the defendant, her husband, and the weekly payments required to be made by the terms of the agreement. On January 9, 1933, the plaintiff began an action for a separation and applied for and obtained alimony and counsel fees, which have been paid by the husband. In her complaint in the separation action she charges abandonment since May 29, 1930, and non-support in that defendant repudiated and breached the separation agreement, which repudiation and breach thereof appears to be conceded.

The separation agreement recites that the parties had " separated on or about the 28th day of May, 1930," and lived apart since that time. It provided for fifty dollars weekly payments for the support of the plaintiff, and " upon satisfactory evidence of the illness of his wife, during which time she may have to pay physician and

medicine bills," an additional payment of twenty-five dollars per week for a period of three months " whereupon it is to be automatically renewed from time to time for additional three (3) month periods."

The parties agreed therein to live apart and that neither would sue the other for doing so. The plaintiff claims support under and pursuant to the terms of the separation agreement at the rate of seventy-five dollars per week, demanding thereunder twenty-five dollars per week from about May 14, 1932, to December 31, 1932. Upon the foregoing facts, the court at Special Term granted the motion for summary judgment to the extent of awarding a partial summary judgment upon the separation agreement at the rate of twenty-five dollars per week for the period from May 14, 1932, to December 31, 1932, amounting in all to $825, directed the clerk to enter judgment in plaintiff's favor for that amount and severed the action as to the remainder of the claim.

This appeal is from that part of the order of Special Term which granted such relief and from the judgment entered thereon. Plaintiff's motion for summary judgment was in all other respects denied. Recovery of the conditional twenty-five dollars weekly payments referred to in paragraph " second " of the separation agreement was denied and there is no appeal therefrom. The effect of that provision and the facts relating thereto, although in the record, have no bearing upon this appeal. The appellant contends that the action for separation is a bar to the plaintiff's claim.

The respondent says that the action for separation is not a bar to that part of plaintiff's claim which accrued prior to the commencement of the action; and the determination of the motion on the application for summary judgment is justified upon the facts and the law applicable thereto.

It is pointed out that there is a vast difference between the repudiation of a contract and a failure to duly perform that same contract. There necessarily follows a difference in the application of adjudications of this State, those determined upon facts clearly establishing a repudiation being inapplicable to cases in which no such repudiation exists, and where there is merely a failure to perform in part over a period of time.

In *Graves* v. *White* (87 N. Y. 463) the court points out the difference between repudiation and a mere failure to perform in part: " 'Every breach of a special agreement by one party does not authorize the other to treat it as rescinded.' * * * There is no precise rule which, when applied to the breach of a contract, certainly settles the question whether it is abandoned or not."

Refusal to perform and a deliberate repudiation of the stipula-

tions of the contract are required to give to the other party the right to treat the contract at an end. Here the respondent waited until the end of December, 1932, to give the appellant an opportunity to make the payments which remained unpaid under the separation agreement, part of which even under the appellant's interpretation of the contract remained due.

The respondent had an absolute right to these payments, and she had a cause of action to recover the installments as they came due each week. At the end of December, 1932, with the determination to commence an action for the sum of money remaining unpaid to her under the agreement, she had .a right to terminate the said agreement as to future performance, with the full retention of her rights to enforce payment of the amount due her up to the time of such termination, without being held to a forfeiture thereof by an unwarranted implication of a repudiation thereof on her part. (*Newport* v. *Newport*, 131 Misc. 851; *Ryskind* v. *Ryskind*, 230 App. Div. 481.)

On the default of a party in the performance of a contract, the other party may treat the contract as terminated and sue for damages for the breach.

In the case of *Hurst* v. *Trow's Printing & Bookbinding Co.* (2 Misc. 361; affd., 142 N. Y. 637) the court said: " It is quite true, as contended for by the appellant, that as a general rule where there has been a breach of a contract, the party performing has the right to consider such breach as a basis for rescinding and abandoning the contract, or to treat the contract as subsisting, and sue for the enforcement of the unperformed obligation, and the election to rescind the agreement bars the pursuit of the other alternative. Yet this is so only in cases where the contract is rescinded *in toto* and *ab initio*. In such cases he cannot regard the contract as existing and not existing at the same time; he must choose between the two. But, as before shown, there are numerous cases in which the party performing the contract on his part may terminate it as to the future, and still hold the delinquent party for its performance up to the time of its termination. In addition to what has been said, we may call attention to the familiar illustration of an ordinary lease for a number of years, where it is provided that the same shall continue for a definite period of time, with installments of rent to be paid monthly. If the lessee neglects to pay these monthly installments, the landlord may allow the lease to go on to the end, and sue for the whole rent due, or he may at any time, by the commencement of summary proceedings, obtain possession of the leased property, and thus terminate the lease; and yet he may thereafter sue the lessee, and recover for the rent due up to the time

of the dispossession. And we have no doubt whatever but that the contract under consideration falls within the latter class of cases."

In the case of *Seymour* v. *Warren* (114 App. Div. 813; affd., 190 N. Y. 512) the Appellate Division, Second Department, said: " The case of the plaintiff is that the defendants broke the contract, and thereupon, upon notice to the defendants that she considered that they had repudiated the contract, she took such possession and rented the premises. If the defendants renounced the contract, the plaintiff could act upon the assumption of a breach before the time for performance (*Bernstein* v. *Meech*, 130 N. Y. 354, 358; *Windmuller* v. *Pope*, 107 id. 674) and she could thereupon sue upon the breach. (*Howard* v. *Daly*, 61 id. 362, 376.) I am of opinion that a rescission was not necessarily established by the act of the plaintiff in taking over the premises, provided there was a breach of the contract by the defendants; so far as her obligations to the defendants were concerned, it was indeed her ' duty ' ' to mitigate the damages ' as much as she could."

If the contention of appellant be correct, he might refuse for several years to pay installments due under the agreement and when the plaintiff was compelled because of such neglect to go to court to obtain support, then argue that because she did so she had forfeited all of the payments due under the separation agreement.

There is a difference between a rescission of the contract in its technical sense and a termination of its further performance. (*Elterman* v. *Hyman*, 192 N. Y. 113.) The fact that the wife accepted the failure to further perform as terminating the contract as of that date does not permit the husband to avoid making the payments which are due under the separation agreement.

The cases referred to which hold that a wife may not sue for a separation and at the same time sue upon a separation agreement for installments that have accrued from time to time, differentiate between the installments that became due prior to the election by the wife to accept the failure of the husband to further perform, as a breach of contract, and those that become due thereafter.

The facts alleged in the complaint set forth the appellant's obligations to the respondent for the period and in the amounts referred to in the partial summary judgment awarded.

The judgment and order so far as appealed from, should, therefore, be affirmed, with costs.

FINCH, P. J., MERRELL, O'MALLEY and UNTERMYER, JJ., concur.

Judgment and order so far as appealed from affirmed, with costs.