■ DANCING WATERS, INC., Appellant, v 1526 BROADWAY CORPORATION, Doing Business as BONDS, THE DISCOTHEQUE, Respondent. — Order, Supreme Court, New York County (Grossman, J.), entered September 14, 1982, which, in an action for damages for breach of contract and for property damage, granted summary judgment to defendant to the extent of restricting plaintiff's action for damages for breach of contract to the period of time prior to an official restriction on water use in New York City, reversed, on the law, to the extent appealed from, with costs, and the motion for summary judgment is denied. On January 16, 1980, Dancing Waters, Inc. (Dancing Waters) and 1526 Broadway Corp., doing business as Bonds, the Discotheque (Bonds) entered into an agreement under which Bonds was to pay Dancing Waters the sum of $80,000 for the lease of a water fountain display which Dancing Waters undertook to create and install on its premises. The lease period was to begin on June 26, 1980 and end on June 25, 1981. The agreement set forth various undertakings by both parties in connection with the lease. It also provided "that neither party shall be liable to the other for failure to perform where such failure is due to war and government restrictions." As modified by a letter agreement dated July 10, 1980, the schedule of payments provided that Bonds

was to pay $10,000 on July 10, 1980; $5,000 on September 15, 1980; $10,000 on October 15, 1980, November 15, 1980, December 15, 1980 and January 15, 1981; and $5,000 on February 15, 1981, March 15, 1981 and April 15, 1981. It was noted in the letter agreement that the payments originally contemplated for May and June, 1981 had been prepaid. Bonds did not pay the $10,000 due on January 15, 1981, either on that date or at any time thereafter. On January 19, 1981 the Mayor of New York City, as the result of an emergency drought condition, promulgated water restrictions which effectively made illegal the use of the fountain for its intended purpose. On February 18, 1981, Bonds requested Dancing Waters to remove the fountain display. Under circumstances that are disputed, Bonds disassembled and dismantled the fountain itself, causing, so Dancing Waters alleges, substantial damage. On May 27, 1981 the water restrictions were eased by order of the Mayor but the use of the display in question was still proscribed. On June 19, 1981 Dancing Waters instituted this action, setting forth two causes of action, one for damages for breach of contract for failing to make the required payments, and the second for property damage in the dismantling of the fountain. Bonds moved for summary judgment dismissing the complaint, asserting that the agreement between the parties had been rendered voidable by the official restriction on water use. Special Term granted the motion for summary judgment to the extent of restricting the contractual cause of action to the period of time prior to the imposition on January 19, 1981 of an official restriction on water use in New York City. We disagree, reverse the order to the extent appealed from, and deny the motion for summary judgment. The apparently conceded failure to make the January 15 payment, which was due prior to the official restriction on water use, clearly justified denial of defendant's motion for summary judgment dismissing the complaint. In restricting plaintiff's damages, Special Term prematurely decided an issue not presented by the motion for summary judgment, and the correct resolution of which may turn on facts that were not fully developed. (Cf. *Breiterman v Breiterman,* 239 App Div 709, 711; see Restatement, Contracts 2d, §§ 235, 236, 241, 242.) Concur — Sandler, J. P., Sullivan, Ross, Silverman and Milonas, JJ.