■ In the Matter of ELIZABETH A. SMITH, as Administratrix C. T. A. of the Estate of MARY F. McMANUS, Deceased, Respondent, v JOHN J. McMANUS & SONS, INC., et al., Appellants. — In an action pursuant to CPLR article 78 to compel the production of corporate financial records in accordance with petitioner's common-law right of inspection, the appeal is from a decree of the Surrogate's Court, Kings County (Bloom, S.), entered October 14, 1983, which granted the application. ¶ Decree affirmed, with costs. ¶ Since this matter relates to the affairs of a decedent's estate, the Surrogate's Court is vested with subject matter jurisdiction by virtue of section 12 of article VI of the New York State Constitution (see Matter of Piccione, 57 NY2d 278; Matter of Maki v Estate of Ziehm, 55 AD2d 454; Dunham v Dunham, 40 AD2d 912, 913; SCPA 102). ¶ We note that appellants had the opportunity to contest the issue of proper purpose on an earlier appeal which was dismissed for lack of prosecution. Therefore, in the interests of judicial economy and consistency, we hold that they are estopped from doing so now (cf. Bray v Cox, 38 NY2d 350 [court may treat prior dismissal of appeal for want of prosecution as a bar to a subsequent appeal on issues that could have been presented on the earlier appeal]). ¶ We have considered the other points raised by appellants and find that they do not warrant reversal. Titone, J. P., Mangano, Thompson and Brown, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARL AMATO, JOHN DAWSON, MICHAEL DE VITO and JOHN SCHETTINI, Appellants. — Appeals by defendants from four judgments (one as to each defendant) of the County Court, Nassau County (Delin, J.), all rendered September 12, 1983, convicting defendants of promoting gambling in the first degree, upon their pleas of guilty, and imposing sentences. ¶ Judgments affirmed and matters remitted to the County Court, Nassau County, for further proceedings pursuant to CPL 460.50 (subd 5). ¶ Defendants, by their pleas of guilty, forfeited their right to challenge the geographical jurisdiction of Nassau County to prosecute the instant indictment (see People v Williams, 14 NY2d 568, mot for rearg den 14 NY2d 689; People v Ebron, 116 Misc 2d 774). In any event, the record establishes that Nassau County's assertion of jurisdiction in the instant matter was proper (CPL 20.40, subd 1, par [a]; People v Botta, 100 AD2d 311). Lazer, J. P., Bracken, Rubin and Eiber, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER ANDREU, Appellant. — Appeal by defendant from a judgment of the County Court, Nassau County (Siedlecki, J.), rendered December 6, 1982, convicting him of murder in the second degree (two counts), and criminal possession of a weapon in the second degree, upon a jury verdict, and sentencing him to two consecutive terms of imprisonment of 25 years to life, to run concurrent with a term of imprisonment of 5 to 15 years. ¶ Judgment modified, as a matter of discretion in the interest of justice, by reducing the sentence imposed to two concurrent terms of imprisonment of 25 years to life, to run concurrent with the terms of imprisonment of 5 to 15 years. As so modified, judgment affirmed. ¶ Under the circumstances, the terms of imprisonment imposed should run concurrently (see People v Suitte, 90 AD2d 80). Lazer, J. P., Bracken, Rubin and Eiber, JJ., concur.