■ SANDRA VOSS Formerly Known as SANDRA SCHWARTZ, Respondent, v MULTIFILM CORPORATION OF AMERICA et al., Defendants. ERNEST ECKSTEIN, Intervenor-Appellant.—In an action to foreclose a mortgage on real property, the intervenor, Ernest Eckstein, a guarantor of the mortgage liability, appeals from a judgment of the Supreme Court, Westchester County (Isseks, J.), entered April 6, 1984, which granted the plaintiff mortgagee's motion for a deficiency judgment against the primary obligor Multifilm Corporation of America, in the principal sum of $145,895.16.

Judgment reversed, on the law, with costs, and plaintiff's motion for a deficiency judgment denied.

In the instant case, the mortgaged property was purchased by the plaintiff mortgagee at a foreclosure sale conducted on December 8, 1981, and a deed was delivered to the plaintiff on that date. Plaintiff initially moved for a deficiency judgment by notice of motion dated January 26, 1982, but, by order entered February 26, 1982, Special Term "denied" the motion "with leave to renew" on the ground that service of the motion papers had been made by regular mail, which did not comply with the requirements of RPAPL 1371 (2).

Thereafter, plaintiff again moved for a deficiency judgment by notice of motion dated October 29, 1982, and a deficiency judgment was finally entered in favor of the plaintiff on April 6, 1984.

On the instant appeal, the intervenor argues, as he did, albeit unsuccessfully, in a cross motion submitted to Special Term in November 1982, that plaintiff's motion in October 1982 for a deficiency judgment was untimely, in that it was not made "within ninety days after the date of the consummation of the sale by the delivery of the proper deed of conveyance to the purchaser" (RPAPL 1371 [2]). The intervenor further argues that the failure to timely move for a deficiency

judgment cannot be excused and that the judgment appealed from must be reversed and the plaintiff's motion denied.

We agree with the argument raised by the intervenor.

In *Mortgagee Affiliates Corp. v Jerder Realty Servs.* (62 AD2d 591, 593, *affd* 47 NY2d 796), this court, in an opinion by the late Justice Vincent Damiani, held: "Section 1371 of the Real Property Actions and Proceedings Law, which governs motions to enter a deficiency judgment, requires that such a motion be made within 90 days after the consummation of the sale and, in so doing, it sets forth a Statute of Limitations (see *Jamaica Sav. Bank v Risian Realty Corp.*, 165 Misc 372). The requirement is procedural and not jurisdictional (*Jamaica Sav. Bank v Risian Realty Corp.*, *supra; Tompkins County Trust Co. v Herrick,* 171 Misc 929), which simply means that an objection to the plaintiff's failure to make the motion within the required 90-day period must be specifically pleaded or raised as an objection in response to the motion, and may not be raised at any time thereafter (*Jamaica Sav. Bank v Risian Realty Corp., supra,* p 374)."

Since plaintiff's motion for a deficiency judgment in October 1982 was untimely (*see,* RPAPL 1371 [2]) and the defense of untimeliness was raised in the intervenor's cross motion to dismiss the same, the judgment appealed from cannot stand.

Nor can plaintiff successfully argue that (1) her prior motion dated January 26, 1982 for a deficiency judgment satisfied the time requirements of RPAPL 1371 (2), and (2) her second motion in October 1982 for the same relief was in accordance with the provision in Special Term's order entered February 26, 1982 which granted her leave to renew. The denial of plaintiff's first motion for a deficiency judgment was based on improper service of the motion papers. Accordingly, the plaintiff's initial motion for a deficiency judgment in January 1982 had no effect (*see,* RPAPL 1371 [3]) and it was incumbent upon plaintiff to make a new motion within the 90-day period set forth in RPAPL 1371 (2) (*cf. Wydallis v United States Fid. & Guar. Co.,* 63 NY2d 872). This plaintiff failed to do.

Finally, plaintiff argues that the issue of the untimeliness of her motion for a deficiency judgment cannot be raised on the instant appeal due to the fact that (1) Special Term, by order entered February 14, 1983, denied the intervenor's cross motion to dismiss plaintiff's motion for a deficiency judgment on the ground of untimeliness and (2) the intervenor's appeal from that order, pursuant to a notice of appeal dated February 17, 1983, was dismissed by this court on March 6, 1985 for

failure to prosecute. Plaintiff's argument is based on the holding of this court in *Matter of Smith v McManus & Sons* (101 AD2d 890) wherein it was held: "We note that appellants had the opportunity to contest the issue of proper purpose on an earlier appeal which was dismissed for lack of prosecution. Therefore, in the interests of judicial economy and consistency, we hold that they are estopped from doing so now (*cf. Bray v Cox*, 38 NY2d 350 [court may treat prior dismissal of appeal for want of prosecution as a bar to a subsequent appeal on the issues that could have been presented on the earlier appeal])."

However, plaintiff's attempt to apply the holding of *Matter of Smith v McManus & Sons* (*supra*) to the facts at bar is misplaced. An examination of the order of this court dated March 6, 1985, dismissing the appeal from the order entered February 14, 1983, as well as the moving and opposing papers upon which the order of this court was based, indicates that the appeal from the order entered February 14, 1983 was not dismissed for lack of prosecution. Rather, the record indicates that at the time plaintiff's motion to dismiss the appeal was made, i.e., in February 1985, the deficiency judgment had already been entered, and an appeal from that judgment had already been perfected in this court by the intervenor. Clearly, the appeal from the order entered February 14, 1983 was dismissed by this court because the issues raised therein could be raised on the appeal from the final judgment entered April 6, 1984 which was then pending before this court (*see, Matter of Aho*, 39 NY2d 241, 248).

In view of our determination, we need not address the remaining argument raised by the intervenor. Mollen, P. J., Mangano, O'Connor and Weinstein, JJ., concur.