◼ PAUL J. MADEMANN, Respondent, v JOHN P. WALTHER et al., Appellants.—Yesawich, Jr., J.

We differ with Special Term's opinion only to the extent that we would not characterize the plaintiff buyer's insertion of the mortgage contingency clause in the formal contract prepared by defendants' counsel as a substantial modification of the terms of the valid and enforceable binder agreement previously entered into by the parties. The record discloses that plaintiff, and counsel on his behalf, made known to defendants and their counsel that the transaction was not conditioned on the buyer obtaining financing, that the mortgage contingency clause remained in the contract (which plaintiff had executed and with a check for $16,400 to satisfy the down payment obligation had returned to defendants' counsel) only due to an inadvertence, that it was superfluous and could be deleted, and further that plaintiff was ready, willing and able to proceed to close. By adding the mortgage contingency provision plaintiff cannot be said to have deliberately repudiated his intention to perform; hence, defendants'

performance was not excused *(see, Breiterman v Breiterman,* 239 App Div 709, 710).

Order affirmed, with costs. Casey, J. P., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.