OPINION OF THE COURT
Joseph Rosenzweig, J.
Plaintiff loaned $159,700 on property secured by a mortgage on January 26, 1987.
The mortgage was recorded January 28, 1990 and the recording tax paid in the sum of $2,395.50.
This action was thereafter commenced for default in pay *136 ment and the defendant Gregory Levin was served on June 2, 1990 with the summons and complaint seeking foreclosure and sale of the property and requesting an order directing the personal defendant to pay any deficiency.
The defendant Gregory Levin, a natural person, was not given notice pursuant to CPLR 3215 (f) (3) and upon his default plaintiff herein seeks to enter a deficiency judgment which arose after a judgment of foreclosure and sale was entered. The amount of the deficiency is arrived at after the premises was sold on the courthouse steps for $5,000 on January 10, 1990. Plaintiff now seeks to enter a deficiency judgment in the sum of $95,544.37.
The plaintiff relies on CPLR 3215 (f) (3) (iii) exempting the requirement of additional notice to cases in the Small Claims Part of any court or to any summary proceeding to recover possession of real property or actions affecting title to real property.
It is the opinion of the court that plaintiff, by asking for a deficiency judgment, has, in effect, added a cause of action for a money judgment against natural persons to be consummated after the sale conducted pursuant to the previously obtained judgment of foreclosure and sale. Such cause of action for a money judgment on the deficiency occasioned by the sale is not a small claims action, not a summary proceeding to recover possession of real property or an action affecting title to real property.
In fairness, laymen possess less sophistication and resources than banking institutions and may reasonably be expected to rely on the bank to lend funds only if the collateral, the real estate, is close to the amount of the loan and that such real estate value would not plummet from $175,000 (loaned at one point) to $5,000 (bid by the plaintiff bank) in so short a time as three years. In equity and fairness, the position of the parties calls for the "additional notice” to natural persons in this cause of action based on nonpayment of a contractual obligation called for by CPLR 3215 (f) (3).
It is ordered that the motion is denied. The plaintiff failed to comply with the additional notice requirements of CPLR 3215 (f) (3). (See, Siegel, Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3215:18, 1991 Supp Pamph, at 603, 604.)