■ ROOSEVELT SAVINGS BANK, Appellant, v GEORGE TSOTSOS et al., Respondents. [626 NYS2d 279] —In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Nassau County (McCabe, J.), entered November 23, 1993, which denied its motion to confirm a Referee's Report of Sale and to direct the entry of a money judgment for deficiency in favor of the plaintiff.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the matter is remitted to the Supreme Court, Nassau County, for entry of an appropriate judgment.

The plaintiff Roosevelt Savings Bank held a mortgage on the defendants' home. When the defendants defaulted on their payments on the underlying loan secured by the mortgage, the bank commenced this foreclosure action. The bank purchased the house at a foreclosure sale for a sum less than that

owed by the defendants on the mortgage. A Referee delivered the deed to the bank on February 10, 1993.

By notice of motion dated March 2, 1993, the bank moved to confirm the Referee's report of sale and for a deficiency judgment. Although the bank properly served the defendants, it never filed the motion with the court, apparently in part because the Referee's report had not yet been filed with the court.

The Referee's report was filed with the County Clerk on April 9, 1993, and, on July 17, 1993, the bank again served the defendants with its motion papers. The motion was returnable August 6, 1993, and was filed with the court.

The defendants opposed the motion, arguing in part that the bank's motion should be denied as untimely pursuant to RPAPL 1371, as it was not served until July 17, 1993, more than 90 days after the Referee delivered the deed to the bank. The Supreme Court agreed with the defendants and denied the bank's motion. We now reverse.

As required by RPAPL 1371, the defendants were personally served with the bank's motion papers within 90 days after the Referee delivered the deed to the bank. That the bank did not file that motion with the court, and later served and filed new motion papers seeking the same relief, is not fatal to it. Unlike the situation where a defendant is not served within the 90-day period *(see, Voss v Multifilm Corp.,* 112 AD2d 216), the defendants here were served with and had notice of the bank's claim. The statute "was not designed to provide loopholes to a mortgagor to escape an obligation assumed by him" *(Catholic Women's Benevolent Legion v Burke,* 253 App Div 261, 264). Accordingly, the bank's motion to confirm the Referee's report of sale and to direct the entry of a money judgment for the deficiency is granted. Bracken, J. P., Rosenblatt, Krausman and Goldstein, JJ., concur.