■ SALVATORE VITTORIA et al., Respondents, v MAZEL, BRACHA, HATZLOCHA, INC., et al., Defendants, and ISAK PERELMAN, Appellant. [629 NYS2d 800] —In an action to foreclose a mortgage on real property, the defendant Isak Perelman appeals, (1) as limited by his brief, from so much of an order of the Supreme Court, Kings County (Garry, J.), dated March 21, 1994, as granted the branch of the plaintiffs' motion which was for a deficiency judgment in the principal amount of $726,313.52 and (2) from a judgment of the same court, dated June 3, 1994, which is in favor of the plaintiffs and against him and the defendants Michael Sitko and Menachem Goldman in the principal sum of $726,313.52.

Ordered that the appeal from the order is dismissed since that order was superseded by the judgment; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondents are awarded one bill of costs.

In support of his cross motion to set aside the foreclosure sale and in opposition to the plaintiffs' motion, *inter alia*, for a deficiency judgment, the appellant failed to contend that the plaintiffs' motion was not made within the 90-day period set forth in RPAPL 1371 (2). As a result, the appellant could not

raise the defense of untimeliness any time thereafter (*see, Voss v Multifilm Corp.*, 112 AD2d 216, 217). In any event, since the deed was delivered on January 14, 1992, the plaintiffs' motion, which was made on March 16, 1992, was timely (*see*, RPAPL 1371 [2]).

After the Supreme Court appointed a Referee and directed that a hearing be held on the fair market value of the property and after notice of the hearing was given to the appellant and his attorney, the appellant failed to appear at the hearing. As a result, the Supreme Court properly confirmed the Referee's report, which determined that the property in question was valued at $825,000 on the date of the foreclosure sale. The Supreme Court also properly awarded the plaintiffs a deficiency judgment in the amount determined by the Referee (*see, e.g., National Bank v Systems Home Improvements*, 50 NY2d 814, 816).

We have considered the appellant's remaining contentions and find them to be without merit. Rosenblatt, J. P., Copertino, Hart and Friedmann, JJ., concur.