■ RIVER BANK AMERICA, Appellant, v PAN AMERICAN MALL, INC., et al., Defendants, and LUIS MOYETT, Respondent. [633 NYS2d 205] —In an action to foreclose a mortgage, the plaintiff appeals from so much of an order of the Supreme Court, Queens County (LeVine, J.), dated July 22, 1994, as upon reargument and renewal, adhered to the prior determination which, *inter alia,* denied the branch of the plaintiff's motion which was for leave to enter a deficiency judgment against the defendant Luis Moyett.

Ordered that the order is affirmed insofar as appealed from, with costs.

RPAPL 1371 (2) requires that a motion to enter a deficiency judgment be made within 90 days after the date the sale is consummated by the delivery of the proper deed of conveyance to the purchaser *(Vittoria v Mazel, Bracha, Hatzlocha,* 217 AD2d 657; *Roosevelt Sav. Bank v Tsotsos,* 215 AD2d 547; *North Fork Bank & Trust Co. v Boe,* 198 AD2d 336).

We agree with the Supreme Court that the 90-day period within which to seek a deficiency judgment under RPAPL 1371 (2) commenced upon the Referee's delivery of the deeds to the successful bidder, not when the successful bidder assigned its bid and then redelivered the deeds to its assignees.

Measuring the 90-day period from the date the Referee delivered the deeds to the successful bidder, the plaintiff's service of its motion papers was untimely. Contrary to the plaintiff's contentions, the facts do not warrant the application of an estoppel in connection with the plaintiff's attempted service upon Moyett's counsel.

We have reviewed the plaintiff's remaining contentions and find them to be without merit. Thompson, J. P., Copertino, Hart and Goldstein, JJ., concur.