■ Columbus Realty Investment Corporation, Respondent, v Kenneth Weng-Heng Tsiang et al., Defendants, and Masako Den, Appellant. [641 NYS2d 265] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered October 31, 1995, which, in an action to foreclose a mortgage, granted plaintiff's motion to confirm the Referee's report of sale and to enter deficiency judgment against defendant-appellant, and denied appellant's cross motion to vacate the judgment of foreclosure and sale entered against her on default and to dismiss the complaint for lack of jurisdiction, and the judgment entered November 2, 1995, pursuant thereto, unanimously affirmed, with costs.

We agree with the IAS Court that inasmuch as appellant was an officer and co-owner of the business where CPLR 308 (2) service was made, giving rise to a clear identification of the work performed by her with that place of business, it is not significant that she worked mainly from her house rather than the place of business (see, *Bridgehampton Natl. Bank v Watermill Hgts. Assocs.*, 157 Misc 2d 246, 250). Nor is it significant that at the time of service appellant's actual employment with the business had been recently suspended to allow her to recuperate from injuries sustained in a car accident where the suspension was recent, she later resumed working for the company and at all times she retained her ownership interest therein, occasionally appearing at the office even during her suspension (*compare, Continental Hosts v Levine*, 170 AD2d 430).

Vacatur of her default is not required because of plaintiff's failure to give her additional notice of default as provided by CPLR 3215 (g) (3) (iii), since that statute, by its terms, does not apply to "actions affecting title to real property", which mortgage foreclosure actions are (*but see, Columbia Fed. Sav. Bank v Kofman*, 152 Misc 2d 135), and even if they are not, vacatur would not be warranted here since, as the IAS Court noted, the purpose of the notice requirement was amply achieved by other means. Nor did plaintiff's failure to serve the motion for a deficiency judgment in strict conformance with RPAPL 1371 (2) require its denial, since, as the IAS Court noted, this section is liberally construed to require only "substantial compliance" where the defendant, as here, receives timely actual notice (*Heritage Sav. Bank v Grabowski*, 70 AD2d 989, 990, citing *Catholic Women's Benevolent Legion v Burke*, 253 App Div 261, 264). Finally, no hearing was necessary to determine the fair and reasonable market value of the property since plaintiff's affidavits sufficiently set forth this in-

formation and defendant's attack thereon was conclusory and unsupported by timely, relevant information (see, RPAPL 1371 [2]; compare, Ogdensburg Sav. & Loan Assn. v Moore, 100 AD2d 679). We have considered defendant-appellant's contentions and find them to be without merit. Concur—Rosenberger, J. P., Wallach, Rubin, Kupferman and Tom, JJ.