■ GUDRUN H. JONES, Appellant, v ROBERT W. JONES, Respondent. [648 NYS2d 585] —Order, Supreme Court, New York County (Elliott Wilk, J.), entered May 8, 1995, which denied plaintiff's motion to vacate an order, same court and Justice, dated April 1, 1992, *inter alia*, awarding defendant sole and complete title, use and ownership of all remaining marital property, unanimously affirmed, without costs.

The parties entered into a partial stipulation upon the record in open court on November 19, 1990, settling plaintiff's right to maintenance and certain equitable distribution issues. Other items were left open for future agreement or determination by the court in the event the parties failed to agree. The stipulation was incorporated but not merged into the parties' divorce decree entered December 23, 1991, and plaintiff now seeks to enforce her rights thereunder. The motion court properly refused such enforcement. Plaintiff repudiated the stipulation of settlement when she cashed in the parties' bonds, and disposed of 100% of the proceeds. Plaintiff did not seek court intervention in relation to defendant's purported failure to pay maintenance in accordance with the stipulation, and her attempted self-help, which resulted in a material breach of the stipulation, entitled defendant to its rescission (*Manning v Manning*, 97 AD2d 910), which was the effect of the April 1, 1992 order. Plaintiff's abandonment of her appeal from that order, and her delay of over two years in seeking to reopen the issues determined therein, renders further consideration of the

matter improvident (*see*, *Matter of Smith v McManus & Sons*, 101 AD2d 890). Concur—Rosenberger, J. P., Ellerin, Ross, Nardelli and Mazzarelli, JJ.