■ MBL LIFE ASSURANCE CORPORATION, Respondent, v 555 REALTY Co. et al., Appellants. [673 NYS2d 929] —In an action to foreclose a mortgage upon real property, the defendants appeal from (1) so much of an order of the Supreme Court, Suffolk County (Berler, J.), dated June 25, 1997, as granted that branch of the plaintiff's motion which was for leave to enter a deficiency judgment and fixed the amount of the deficiency under the judgment of foreclosure and sale dated March 5, 1996, and (2) an order of the same court, dated September 25, 1997, which denied their motion, denominated as one for renewal and reargument, but which was, in effect, one for reargument.

Ordered that the order dated June 25, 1997, is affirmed insofar as appealed from; and it is further,

Ordered that the appeal from the order dated September 25, 1997, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the respondent is awarded one bill of costs.

According to RPAPL 1371 (2), notice of a motion for leave to enter a deficiency judgment "shall be served personally or in such other manner as the court may direct". We find that the service of notice of such a motion upon the secretary for the defendants' attorneys here was sufficient to satisfy the requirement set forth in RPAPL 1371 (2) (see, Columbus Realty Inv. Corp. v Weng-Heng Tsiang, 226 AD2d 259; Roosevelt Sav. Bank v Tsotsos, 215 AD2d 547; Sarasota, Inc. v Homestead Acres, 249 AD2d 290). In opposition to the plaintiff's motion for a deficiency judgment, the defendants failed to contend that the plaintiff's motion was not made within the 90-day period set forth in RPAPL 1371 (2). As a result, the defendants could not raise the defense of untimeliness any time thereafter (see, Vittoria v Mazel, Bracha, Hatzlocha, 217 AD2d 657). In any event, because the delivery date of the deed was October 28, 1996, and notice was received January 24, 1997, the 90-day requirement was satisfied. Consequently, we find that the plaintiff complied with the requirements of RPAPL 1371 (2).

Inasmuch as the defendants' motion, denominated as one for renewal and reargument, was not based upon new evidence which was unavailable upon the original motion, the motion was actually one for reargument (*see, Dellocono v State of New York,* 244 AD2d 521). Thus, the appeal from the order dated September 27, 1997, must be dismissed because no appeal lies from an order denying reargument (*see, Mucciola v City of New York,* 177 AD2d 553).

The defendant's remaining contention is without merit. Mangano, P. J., Bracken, Krausman and McGinity, JJ., concur.