■ DJS REALTY, INC., Appellant, v MELVIN H. HIRSCH et al., Respondents, et al., Defendants. [675 NYS2d 874] —In an action to foreclose a mortgage, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Floyd, J.), dated May 15, 1997, as denied that branch of its motion which was for leave to enter a deficiency judgment against the defendants Melvin H. Hirsch and Naomi Hirsch.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, that branch of the plaintiff's motion which was for leave to enter a deficiency judgment against the defendants Melvin H. Hirsch and Naomi Hirsch is granted, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of an appropriate judgment.

The plaintiff delivered its motion papers to the respondents within ninety days after the sale of the mortgaged premises took place by serving a copy of the papers upon an employee at the respondents' actual place of business, mailing a copy of the papers to the respondents, and serving a paralegal in the respondents' attorneys' office who was authorized to accept service. Moreover, the respondents do not dispute that they received actual timely receipt of the motion papers. Under these circumstances, the service substantially complied with

the criteria set forth under RPAPL 1371 (2) governing the making of a motion for leave to enter a deficiency judgment (*see, Columbus Realty Inv. Corp. v Weng-Heng Tsiang,* 226 AD2d 259; *Roosevelt Sav. Bank v Tsotsos,* 215 AD2d 547; *see also, Heritage Sav. Bank v Grabowski,* 70 AD2d 989).

We also find that the sales comparison approach employed by the plaintiff's appraisal established the fair and reasonable market value of the property even though the appraised value was not determined as of the actual date the public sale of the mortgaged premises took place (*see,* RPAPL 1371 [2]). Pizzuto, J. P., Santucci, Altman and Luciano, JJ., concur.