■ STEUBEN TRUST Co., Respondent, v ROBERT G. BUONO, Appellant, et al., Defendant. [677 NYS2d 852] —Order unanimously reversed on the law with costs and motion dismissed. Memorandum: Supreme Court erred in granting plaintiff's motion for a deficiency judgment in this mortgage foreclosure action (see, RPAPL 1371 [2]). Although the action was stayed when Robert G. Buono (defendant) filed for bankruptcy (11 USC § 362 [a] [2]), that stay was lifted on May 25, 1995 to permit plaintiff to proceed with the foreclosure. The judgment of foreclosure was entered on August 8, 1995, and the property was sold at auction and the deed delivered to the purchasers on October 17, 1995. Plaintiff did not bring his motion within 90 days of the date that the deed was delivered as required by RPAPL 1371 (2), but waited until after the bankruptcy petition was dismissed. We reject plaintiff's contention that the motion

is timely because Bankruptcy Court lifted the stay only with respect to the foreclosure action and not with respect to the motion for a deficiency judgment. A motion for a deficiency judgment is part of, and not separate from, the foreclosure action (*see,* RPAPL 1371 [1]; *Sanders v Palmer,* 68 NY2d 180, 183). Because the motion was authorized based on the order in Bankruptcy Court lifting the stay to permit the foreclosure to proceed (*see, In re Tyler,* 166 Bankr 21, 25 [WD NY]), we reverse the order and dismiss plaintiff's motion as time-barred (*see, Crossland Sav. v Patton,* 182 AD2d 496, *lv denied* 80 NY2d 755; *Voss v Multifilm Corp.,* 112 AD2d 216, 217). (Appeal from Order of Supreme Court, Allegany County, Feeman, Jr., J.—RPAPL.) Present—Denman, P. J., Green, Wisner, Balio and Fallon, JJ.