■ ARBOR NATIONAL COMMERCIAL MORTGAGE, LLC, Appellant, v CARMANS PLAZA, LLC, Defendant, and WILBUR F. BRESLIN, Respondent. [759 NYS2d 683] —In an action to foreclose a mortgage, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Lally, J.), entered September 30, 2002, as denied that branch of its motion which was for leave to enter a deficiency judgment against the defendant Wilbur F. Breslin and granted Breslin's cross motion to dismiss that branch of the plaintiff's motion as untimely.

Ordered that the order is affirmed insofar as appealed from, with costs.

RPAPL 1371 (2) states that "[s]imultaneously with the making of a motion for an order confirming the sale, provided such motion is made within ninety days after the date of the consummation of the sale by the delivery of the proper deed of conveyance to the purchaser, the party to whom such residue shall be owing may make a motion in the action for leave to enter a deficiency judgment upon notice to the party against whom such judgment is sought or the attorney who shall have appeared for such party in such action." The courts have

uniformly treated the 90-day period contained in RPAPL 1371 (2) as a provision in the nature of a statute of limitations (*see Procco v Kennedy,* 88 AD2d 761 [1982], *affd* 58 NY2d 804 [1983]; *Heritage Sav. Bank v Grabowski,* 70 AD2d 989 [1979]), so that the plaintiff's failure to serve notice within the 90-day period is a complete bar to the entry of a deficiency judgment, and the proceeds of the sale will be deemed to be in full satisfaction of the mortgage debt (*see* RPAPL 1371 [3]; *Voss v Multifilm Corp. of Am.,* 112 AD2d 216 [1985]; *Mortgagee Affiliates Corp. v Jerder Realty Servs.,* 62 AD2d 591 [1978], *affd* 47 NY2d 796 [1979]).

In this case, the 90-day period within which to seek a deficiency judgment under RPAPL 1371 (2) commenced upon the Referee's delivery of the deed to the successful bidder, not when the successful bidder assigned its bid and then redelivered the deeds to its assignee (*see River Bank Am. v Pan Am. Mall,* 221 AD2d 327 [1995]). Thus, the Supreme Court properly granted the cross motion of the defendant Wilbur F. Breslin to dismiss the branch of the plaintiff's motion which was for leave to enter a deficiency judgment as untimely (*see Federal Deposit Ins. Corp. v Suffolk Place Assoc.,* 270 AD2d 304 [2000]; *Atlantic Bank of N.Y. v Weiss,* 234 AD2d 240 [1996]). Florio, J.P., Krausman, Goldstein and Townes, JJ., concur.