■ Jerry B. Bias, Appellant, v Lauren Maillian Bias, Respondent. [19 NYS3d 21]—

Order, Supreme Court, New York County (Lori S. Sattler, J.), entered January 7, 2014, which, to the extent appealed from, denied plaintiff's motion for a declaration that defendant breached the parties' stipulation of settlement of their divorce proceedings, and damages in the form of the imposition of a constructive trust on the benefits to be paid to defendant thereunder or, alternatively, for a declaration that defendant repudiated the stipulation, unanimously affirmed, without costs.

The court correctly determined that, assuming that defendant's conduct breached the non-disparagement clause of the parties' stipulation, under all the circumstances, including plaintiff's own failure to fulfill his obligations under the stipulation and to respond to defendant's notices of default, neither the imposition of a constructive trust on defendant's benefits under the stipulation nor a declaration that defendant repudiated the stipulation was an appropriate remedy. While non-disparagement clauses in marital agreements are generally enforceable (*see e.g. Anonymous v Anonymous*, 233 AD2d 162 [1st Dept 1996]; *Trump v Trump*, 179 AD2d 201 [1st Dept 1992], *lv denied* 80 NY2d 760 [1992]), the stipulation did not provide for liquidated damages, and plaintiff provided no evidence of actual damages.

Plaintiff failed to demonstrate that defendant's conduct amounted to a complete and unequivocal repudiation of the agreement (*see Breiterman v Breiterman*, 239 App Div 709 [1st Dept 1934]; *compare Jones v Jones*, 232 AD2d 313 [1st Dept 1996] [where the wife repudiated the stipulation of settlement when she cashed in the parties' bonds and disposed of 100% of the proceeds, her attempt at self-help after the husband purportedly failed to pay maintenance pursuant to the stipulation resulted in a material breach of the stipulation, entitling the husband to its rescission]). Nor did the evidence of defendant's conduct warrant the equitable relief of imposition of a constructive trust on her share of the parties' assets (*see generally Abacus Fed. Sav. Bank v Lim*, 75 AD3d 472, 473 [1st Dept 2010]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Friedman, J.P., Sweeny, Saxe, Moskowitz and Gische, JJ.