TD Bank, N.A. v Beekman Estates Realty, LLC (2020 NY Slip Op 05250)





TD Bank, N.A. v Beekman Estates Realty, LLC


2020 NY Slip Op 05250


Decided on September 30, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 30, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
ROBERT J. MILLER
JOSEPH J. MALTESE
BETSY BARROS, JJ.


2019-02919
2019-03546
 (Index No. 3983/10)

[*1]TD Bank, N.A., etc., respondent, 
v
Beekman Estates Realty, LLC, et al., appellants, et al., defendants.


The Scher Law Firm, LLP, Carle Place, NY (Austin Graff of counsel), for appellants.
Nolan Heller Kauffman, LLP, Albany, NY (Justin A. Heller and Marco B. Koshykar of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Beekman Estates Realty, LLC, and Harry Jeremias, Joel Jeremias, and Abraham Jeremias, as administrators of the estate of Ernest Jeremias, appeal from (1) an order of the Supreme Court, Dutchess County (Maria G. Rosa, J.), dated January 24, 2019, and (2) a judgment of the same court dated February 14, 2019. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was for leave to enter a deficiency judgment. The judgment, insofar as appealed from, upon the order, is in favor of the plaintiff and against those defendants in the principal sum of $2,823,582.57.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment (see Matter of Aho , 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment.
On March 12, 2017, the Supreme Court issued a judgment of foreclosure and sale, inter alia, directing a foreclosure sale of certain property in Dutchess County. The foreclosure sale took place on April 26, 2018. Title to a portion of the premises was transferred by a referee's deed dated May 30, 2018, and the rest was transferred by a referee's deed dated August 21, 2018. By notice of motion dated November 14, 2018, the plaintiff moved, inter alia, for leave to enter a deficiency judgment. The plaintiff served the motion by mailing it by first-class mail on November 15, 2018. The defendants Beekman Estates Realty, LLC, and Harry Jeremias, Joel Jeremias, and Abraham Jeremias, as administrators of the estate of Ernest Jeremias (hereinafter collectively the defendants), opposed the motion. The Supreme Court, among other things, granted that branch of the plaintiff's motion and entered a deficiency judgment. The defendants appeal.
RPAPL 1371(2) provides that a motion for leave to enter a deficiency judgment shall be made "within ninety days after the date of the consummation of the sale by the delivery of the proper deed of conveyance to the purchaser," and "shall be served personally or in such other manner as the court may direct." Here, in opposition to the plaintiff's motion for a deficiency judgment, the defendants did not contend, as they now do on appeal, that the plaintiff's motion was not made within the 90-day period set forth in RPAPL 1371(2). Accordingly, the defendants may not now assert the defense of untimeliness (see MBL Life Assur. Corp. v 555 Realty Co. , 251 AD2d 557, 557; Vittoria v Mazel, Bracha, Hatzlocha , 217 AD2d 657; Voss v Multifilm Corp. of Am. , 112 AD2d 216, 217).
SCHEINKMAN, P.J., MILLER, MALTESE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court