JDRMDBP-SM, LLC v Hossain (2023 NY Slip Op 06033)

JDRMDBP-SM, LLC v Hossain

2023 NY Slip Op 06033

Decided on November 22, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
JOSEPH J. MALTESE
LINDA CHRISTOPHER
LOURDES M. VENTURA, JJ.

2021-07742
 (Index No. 13047/09)

[*1]JDRMDBP-SM, LLC, respondent,
v
Kazi Ashraf Hossain, appellant, et al., defendants.

Alter & Barbaro, Brooklyn, NY (Bernard Mitchell Alter and Nichole Bishop Castillo of counsel), for appellant.
Hinshaw & Culbertson LLP, New York, NY (Ben Z. Raindorf and Leah Lenz of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Kazi Ashraf Hossain appeals from a judgment of the Supreme Court, Kings County (Mark I. Partnow, J.), dated September 17, 2021. The judgment, upon an order of the same court dated April 15, 2021, granting that branch of the plaintiff's motion which was pursuant to RPAPL 1371 for leave to enter a deficiency judgment against that defendant, is in favor of the plaintiff and against that defendant in the total sum of $307,150.36.
ORDERED that the judgment is reversed, on the law, with costs, that branch of the plaintiff's motion which was pursuant to RPAPL 1371 for leave to enter a deficiency judgment against the defendant Kazi Ashraf Hossain is denied, and the order is modified accordingly.
On May 27, 2009, Wells Fargo Bank, N.A. (hereinafter Wells Fargo), the plaintiff's predecessor in interest, commenced this action against, among others, the defendant Kazi Ashraf Hossain (hereinafter the defendant) to foreclose a mortgage on certain real property located in Brooklyn. In a judgment of foreclosure and sale dated May 31, 2017, the Supreme Court confirmed a referee's report and directed the sale of the property. Pursuant to the judgment of foreclosure and sale, Wells Fargo was entitled to the sum of $410,806.30, with interest, from the sale of the property. In a report of sale dated May 1, 2019, inter alia, the referee reported that the property was sold to the highest bidder, 395 Vermont 1 Realty, LLC (hereinafter 395 Vermont), for the sum of $361,000. The defendant is the sole member of 395 Vermont. The deed was delivered to 395 Vermont on May 1, 2019.
By order to show cause dated July 16, 2019, the plaintiff moved pursuant to RPAPL 1371, inter alia, for leave to enter a deficiency judgment against the defendant. In support of the motion, the plaintiff submitted the judgment of foreclosure and sale and the referee's report of sale. The plaintiff also submitted the referee's deed dated May 1, 2019, transferring ownership of the property to 395 Vermont.
The defendant opposed that branch of the plaintiff's motion which was pursuant to RPAPL 1371 for leave to enter a deficiency judgment against the defendant on the ground that the plaintiff failed to make the motion within 90 days of the consummation of the sale of the property. In opposition, the defendant submitted the envelope in which the plaintiff mailed the order to show cause to him, which was postmarked August 1, 2019.
In an order dated April 15, 2021, the Supreme Court, inter alia, granted that branch of the plaintiff's motion which was for leave to enter a deficiency judgment against the defendant, determining, among other things, that the motion was timely. In a subsequent judgment dated September 17, 2021, the court awarded the plaintiff the total sum of $307,150.36. The defendant appeals.
The Supreme Court should have denied that branch of the plaintiff's motion which was for leave to enter a deficiency judgment against the defendant. RPAPL 1371(2) states that "[s]imultaneously with the making of a motion for an order confirming the sale, provided such motion is made within ninety days after the date of the consummation of the sale by the delivery of the proper deed of conveyance to the purchaser, the party to whom such residue shall be owing may make a motion in the action for leave to enter a deficiency judgment upon notice to the party against whom such judgment is sought or the attorney who shall have appeared for such party in such action." "The courts have uniformly treated the 90-day period contained in RPAPL 1371(2) as a provision in the nature of a statute of limitations, so that the plaintiff's failure to serve notice within the 90-day period is a complete bar to the entry of a deficiency judgment, and the proceeds of the sale will be deemed to be in full satisfaction of the mortgage debt" (Arbor Natl. Commercial Mtge. v Carmans Plaza , 305 AD2d 622, 622-623 [citations omitted]).
Here, the plaintiff failed to serve the defendant with the motion, inter alia, for leave to enter a deficiency judgment against the defendant within 90 days of the delivery of the referee's deed to 395 Vermont. Consequently, "this constitutes a complete bar to the entry of a deficiency judgment" (First Nationwide Bank v Pegasus Agency, Inc. , 253 AD2d 536, 536 [internal quotation marks omitted]). Accordingly, that branch of the plaintiff's motion which was pursuant to RPAPL 1371 for leave to enter a deficiency judgment against the defendant should have been denied.
The parties' remaining contentions need not be reached in light of our determination.
DUFFY, J.P., MALTESE, CHRISTOPHER and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court